ORIGINAL

FILED

06 SEP 22 PM 3:02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: PM DEPUTY

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DANIEL S. DROSMAN (200643)
DAVID A. THORPE (216498)
TED MINAHAN (227969)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
– and –
PATRICK J. COUGHLIN (111070)
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETCO CORPORATION SECURITIES LITIGATION | Master File No. 05-CV-0823-H(RBB) |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | LEAD PLAINTIFF'S OPPOSITION TO THE CONTROLLING SHAREHOLDERS' MOTION FOR CLARIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS CONSOLIDATED COMPLAINT |
| | DATE: October 10, 2006<br>TIME: 10:30 a.m.<br>COURTROOM: 13<br>HONORABLE MARILYN L. HUFF |

## TABLE OF CONTENTS


Page

I. INTRODUCTION ... 1

II. ARGUMENT ... 2

A. The Controlling Shareholders Sidestep the Governing Law Because They Cannot Satisfy the Requirements of Federal Rule of Civil Procedure 54(b) ... 2

1. The Standard Applicable to a Rule 54(b) Motion ... 3

2. Plaintiff's Claims Against the Controlling Shareholders and the Other Remaining Defendants Are Similar and Stem from the Same Set of Factual Allegations ... 5

3. The Controlling Shareholders Fail to Make the Required Showing of Injustice or Hardship ... 6

4. The Controlling Shareholders' Motion Should Be Denied to Prevent Piecemeal Litigation ... 7

B. The PSLRA Discovery Stay Is Inapplicable to Rule 54(b) Relief ... 9

III. CONCLUSION ... 13

# TABLE OF AUTHORITIES


Page

**CASES**

*Abrahamson v. Western Sav. & Loan Ass'n*, No. 88-1677 PHX WPC, 1989 U.S. Dist. LEXIS 17425 (D. Ariz. July 7, 1989) .......... 4, 5

*Dilley v. Gunn*, 64 F.3d 1365 (9th Cir. 1995) .......... 3

*Dooley v. United Techs. Corp.*, 152 F.R.D. 419 (D.D.C 1993) .......... 5

*Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) .......... 10, 12

*HBE Leasing Corp. v. Frank*, 48 F.3d 623 (2d Cir. 1995) .......... 4

*Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428 (9th Cir. 1990) .......... 2

*Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143 (9th Cir. 1982) .......... 7

*Harrington v. Portland*, 708 F. Supp. 1561 (D. Or. 1988) .......... 7

*Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683 (9th Cir. 2005) .......... 3

*Hoohuli v. Ariyoshi*, 741 F.2d 1169 (9th Cir. 1984) .......... 5

*Humetrix, Inc. v. Gemplus S.C.A.*, No. 96-CV-216-J (JFS), 2000 U.S. Dist. LEXIS 21609 (S.D. Cal. Feb. 22, 2000) .......... 6

*In re AOL Time Warner Sec. & ERISA Litig.*, No. 02 Civ. 5575 (JWK), 2004 U.S. Dist. LEXIS 16017 (S.D.N.Y. Aug. 12, 2004) .......... 11

*In re Blech Sec. Litig.*, No. 94 Civ. 7696 (RWS), 1997 U.S. Dist. LEXIS 404 (S.D.N.Y. Jan. 21, 1997) .......... 4

*In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002) .......... 9

*In re Lindsay*, 59 F.3d 942 (9th Cir. 1995) .......... 4

**Page**

*In re Raytheon Sec. Litig.*,
157 F. Supp. 2d 131 (D. Mass. 2001) .......... 10

*In re Vivendi Universal, S.A. Sec. Litig.*,
381 F. Supp. 2d 129 (S.D.N.Y. 2003) .......... 11

*Maddux v. Philadelphia Life Ins. Co.*,
77 F. Supp. 2d 1123 (S.D. Cal. 1999) .......... 6

*Medhekar v. United States Dist. Court*,
99 F.3d 325 (9th Cir. 1996) .......... 11

*Morrison-Knudsen Co. v. Archer*,
655 F.2d 962 (9th Cir. 1981) .......... 1, 4, 5, 6

*Navellier v. Sletten*,
262 F.3d 923 (9th Cir. 2001) .......... 12

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) .......... 10

*Peters v. Welsh Dev. Agency*,
No. 86 C 2646, 1991 U.S. Dist. LEXIS 17098
(N.D. Ill. Nov. 25, 1991) .......... 4

*Podany v. Robertson Stephens, Inc.*,
350 F. Supp. 2d 375 (S.D.N.Y. 2004) .......... 11

*Powers v. Eichen*,
961 F. Supp. 233 (S.D. Cal. 1997) .......... 11

*Sears, Roebuck & Co. v. Mackey*,
351 U.S. 427 (1956) .......... 3

*Sportvision, Inc. v. Sportsmedia Tech. Corp.*,
No. C 04-03115 JW, 2005 U.S. Dist. LEXIS 22889
(N.D. Cal. Oct. 6, 2005) .......... 4

*Stewart v. United States Bancorp*,
297 F.3d 953 (9th Cir. 2002) .......... 3

*Sure-Safe Indus. v. C & R Pier Mfg.*,
851 F. Supp. 1469 (S.D. Cal. 1993) .......... 6

*Texaco, Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991) .......... 3, 7

*United States v. Barken*,
412 F.3d 1131 (9th Cir. 2005) .......... 13

**Page**

*United States v. Hagege*,
437 F.3d 943 (9th Cir. 2006) .......... 13

*Wood v. GCC Bend, LLC*,
422 F.3d 873 (9th Cir. 2005) .......... 6, 8

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78j(b) .......... 5
§78u-4(b)(3) .......... 9

Federal Rules of Appellate Procedure
Rule 4(a)(1)(A) .......... 8

Federal Rules of Civil Procedure
Rule 15 .......... 12
Rule 15(a) .......... 9
Rule 21 .......... 12
Rule 26(a)(1) .......... 11
Rule 26(f) .......... 8
Rule 54(b) .......... *passim*

17 C.F.R.
§240.10b-5 .......... 12

**SECONDARY AUTHORITIES**

10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
*Federal Practice and Procedure: Civil* §2654 (3d ed. 1998) .......... 3

**LEGISLATIVE HISTORY**

S. Rep. No. 104-98 (1995) .......... 9

Pub. L. No. 107-204, 116 Stat. 745 (2002) .......... 13

Lead Plaintiff, Plumbers and Pipefitters Local 51 Pension Fund ("Plaintiff"), submits this memorandum of law in opposition to the Motion for Clarification of Order Granting in Part and Denying in Part Motions to Dismiss Consolidated Complaint ("Motion for Clarification") filed by the Controlling Shareholders.[1]

## I. INTRODUCTION

By completely ignoring controlling legal authority governing final judgments, the Controlling Shareholders make a number of flawed and legally unsupported arguments for dismissal with prejudice. It is black-letter law that a dismissal with prejudice results in final judgment under Fed. R. Civ. P. 54(b). The Controlling Shareholders do not contend that they can meet the requirements of Rule 54(b). In fact, they pretend that the rule does not exist at all, completely ignoring it in their papers. Rather, the Controlling Shareholders advance a number of ridiculous arguments that have absolutely no bearing on whether a party should be dismissed with prejudice pursuant to Rule 54(b). Despite Rule 54(b)'s requirements, the Controlling Shareholders do not claim they will be harmed or will suffer prejudice if they do not obtain a Rule 54(b) dismissal. The Controlling Shareholders' failure to discuss Rule 54(b), instead masking their request as a Motion for Clarification, is understandable. Rule 54(b) dismissals "must be reserved for the unusual case," and then "only where necessary to avoid a harsh and unjust result." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Here, Rule 54(b) certification is not proper because: (1) the claims against the Controlling Shareholders and the remaining unadjudicated claims are similar and stem from the same set of factual allegations; (2) there is a likelihood that appellate review may be mooted by future developments – namely the discovery of new evidence supporting the Controlling Shareholders' liability; (3) if judgment is entered and Plaintiff is forced to take a piecemeal appeal against the

---

[1] The "Controlling Shareholders" refer to Texas Pacific Group, Inc., TPG Advisors III, TPG Partners III, L.P., TPG Parallel III, L.P., TPG Dutch Parallel III, C.V., TPG Investors III, L.P., FOF Partners III, L.P., FOF Partners III-B, L.P., David Bonderman, Jonathan Coslet, James G. Coulter, William S. Price III, Leonard Green & Partners, L.P., Green Equity Investors III, L.P., John M. Baumer, John Danhakl, Jonathan D. Sokoloff and Peter Nolan.

Controlling Shareholders within 30 days, there is a distinct possibility that the appellate court may have to consider the same issue twice; and (4) the Controlling Shareholders will suffer no prejudice by having the claims against them lie dormant while the remaining claims are resolved.

Finally, it is settled law that only "unusual and compelling circumstances . . . [can] dictate[] entry of an early, separate judgment" on the dismissed part of the case. *Id.* Nothing in the Controlling Shareholders' papers suggests a pressing, exceptional need for immediate appellate intervention, or grave injustice of the sort remediable only by allowing an appeal to be taken forthwith, or dire hardship of a unique kind. Under these circumstances, dismissal with prejudice would be unduly harsh. *See, e.g.*, *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990) (***"Dismissal, however, is a harsh remedy and should only be imposed in 'extreme circumstances.'"***).[2]

What do the Controlling Shareholders hope to gain by their gambit? Immunity from liability for their fraud is one possibility. In fact, the Controlling Shareholders' efforts to obtain a dismissal with prejudice telegraphs to this Court that ***they were involved in PETCO Animal Supplies, Inc.'s ("PETCO") fraud*** and are panic-stricken by the prospect that evidence incriminating them will come out during discovery. Therefore, the Controlling Shareholders' request for final judgment under Rule 54(b) should be denied.

## II. ARGUMENT

### A. The Controlling Shareholders Sidestep the Governing Law Because They Cannot Satisfy the Requirements of Federal Rule of Civil Procedure 54(b)

By seeking a dismissal with prejudice, the Controlling Shareholders are asking this Court to enter final judgment in their favor pursuant to Fed. R. Civ. P. 54(b), which permits the entry of judgment, and, thus, an appeal, as to fewer than all the parties in a multi-party action. The Controlling Shareholders do not explicitly seek a Rule 54(b) dismissal – in fact, they never once even mention Rule 54(b). The reason for this subterfuge is transparent: the Controlling Shareholders

---

[2] Emphasis is added and citations are omitted, unless otherwise stated.

recognize that they cannot possibly satisfy Rule 54(b)'s criteria. Because the Controlling Shareholders' pseudo "Motion for Clarification" is nothing more than an effort to obtain Rule 54(b) relief without meeting Rule 54(b)'s criteria, the Court should summarily deny the Controlling Shareholders' motion.[3]

As a preliminary matter, the Ninth Circuit has made clear that the relief the Controlling Shareholders seek – dismissal with prejudice – cannot be understood as anything other than a Rule 54(b) dismissal. "'***Final judgment on the merits' is synonymous with 'dismissal with prejudice.***'" *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005); *see Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("***The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.***'"). In this case, the Court's August 1, 2006 Order Granting in Part and Denying in Part Motions to Dismiss Consolidated Complaint (the "Order") is properly characterized as one issued pursuant to Fed. R. Civ. P. 54(b), as it disposed of the rights and liabilities of "fewer than all of the parties." Fed. R. Civ. P. 54(b). Under the terms of that Rule, if such an order does not expressly direct that final judgment should be entered, the order "shall not terminate the action as to any of the claims or parties" and "is subject to revision at any time." *Id.* The Court's Order did not direct the entry of final judgment, and the Controlling Shareholders do not make any convincing arguments or present any evidence which suggests that the Court should do so now.

**1. The Standard Applicable to a Rule 54(b) Motion**

While providing for final judgment in limited circumstances, Rule 54(b) does ***not*** represent a departure from the fundamental policy disapproving of "piecemeal" appeals. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991); *see also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* §2654 at 35 (3d ed. 1998). The Ninth Circuit has noted that Rule 54(b) judgments

---

[3] Because the Controlling Shareholders fail to cite Rule 54(b) in their opening briefs (much less discuss the requirements for Rule 54(b) dismissal), these issues are waived and cannot be raised on reply. *See Dilley v. Gunn*, 64 F.3d 1365, 1367 (9th Cir. 1995).

"***must be reserved for the unusual case*** in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen*, 655 F.2d at 965. Further, the court making a Rule 54(b) determination "'should not direct entry of judgment under Rule 54(b) unless it has made specific findings setting forth the reasons for its order.'" *In re Lindsay*, 59 F.3d 942, 951 (9th Cir. 1995) (quoting *Morrison-Knudsen*, 655 F.2d at 965).[4]

Within the Ninth Circuit, the court in *Abrahamson v. Western Sav. & Loan Ass'n*, No. 88-1677 PHX WPC, 1989 U.S. Dist. LEXIS 17425, at *1 (D. Ariz. July 7, 1989), refused to grant Rule 54(b) relief to dismissed defendants under almost identical circumstances. In *Abrahamson*, the court granted the director defendants' motion to dismiss. *Id.* at *1-*2. In the amended complaint, the plaintiff did not name the dismissed director defendants. *Id.* Like the Controlling Shareholders here, the dismissed director defendants in *Abrahamson* then sought Rule 54(b) dismissal. *Id.* The court denied the dismissed defendants Rule 54(b) motion, holding:

> If the Plaintiffs were able to prove that leave to amend should be granted, following some discovery in the case, and provided the claims fell within the statute of limitations, they should not be precluded from doing so merely because they chose not to pursue an action against the Outside Directors at this time.

*Id.* at *3.[5]

---

[4] A district court's failure to provide a "reasoned explanation" for a Rule 54(b) determination is grounds for reversal. *See HBE Leasing Corp. v. Frank*, 48 F.3d 623, 631 (2d Cir. 1995) ("We have found an abuse of discretion where entry of judgment has been accompanied by a mere repetition of the statutory language that 'there is no just reason for delay,' without any reasoned explanation for such determination.").

[5] *See also In re Blech Sec. Litig.*, No. 94 Civ. 7696 (RWS), 1997 U.S. Dist. LEXIS 404, at *6-*7 (S.D.N.Y. Jan. 21, 1997) ("Denying [the Rule 54(b) motion] would permit . . . modification [of the court's dismissal order] without subjecting the court of appeals to two appeals of claims against the same defendants."); *Sportvision, Inc. v. Sportsmedia Tech. Corp.*, No. C 04-03115 JW, 2005 U.S. Dist. LEXIS 22889, at *3 (N.D. Cal. Oct. 6, 2005) (denying Rule 54(b) motion finding the appellate court should resolve all the claims "in one single proceeding"); *Peters v. Welsh Dev. Agency*, No. 86 C 2646, 1991 U.S. Dist. LEXIS 17098, at *7-*8 (N.D. Ill. Nov. 25, 1991) (denying party's Rule 54(b) certification of dismissed securities fraud claim).

Furthermore, the *Abrahamson* court confirmed that a dismissal with leave to amend is not "an adjudication on the merits of the entire action" against the defendants excluded from the amended complaint, and therefore, the Rule 54(b) motion was improper. *Id.*; *see Hoohuli v. Ariyoshi*, 741 F.2d 1169, 1171 n.1 (9th Cir. 1984) (explaining that a dismissal of a complaint is normally not considered a final order); *Dooley v. United Techs. Corp.*, 152 F.R.D. 419, 424 (D.D.C 1993) (holding that the court's dismissal of two parties in a multi-party action was not a final judgment until the adjudication of the rights and liabilities of the remaining defendants).

Similarly, in *Morrison-Knudsen*, the Ninth Circuit reversed a district court's entry of a separate judgment under Rule 54(b), and held that such motions should not be used unless the trial court has made "a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." 655 F.2d at 965. This determination is necessary because "***[a] similarity of legal or factual issues will weigh heavily against entry of judgment under the rule***, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Id.*

### 2. Plaintiff's Claims Against the Controlling Shareholders and the Other Remaining Defendants Are Similar and Stem from the Same Set of Factual Allegations

There is no real dispute that the claims against the Controlling Shareholders (whose own partners sat on PETCO's Board of Directors) and the claims to be adjudicated against the remaining defendants are inextricably intertwined, if not identical. The §10(b) fraud claim against the Controlling Shareholders, dismissed by the Court on August 1, 2006, is being actively litigated against the remaining defendants. Plaintiff's §10(b) claims against all defendants, including the Controlling Shareholders, stem from identical averments of a common scheme of accounting fraud. For example, the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") alleged that Controlling Shareholders, along with other defendants, were aware of the under-accrual of expenses because their stock sale on October 22, 2004, occurred just weeks after an employee survey revealed internally that PETCO was improperly withholding distribution center expenses to meet its budget. *See, e.g.*, Complaint, ¶13.

Because the substance of the allegations against the Controlling Shareholders overlap almost completely with those against PETCO and arise from an alleged common scheme to defraud, final judgment and an immediate appeal as to only the Controlling Shareholders' liability makes no sense at all. "[T]he guiding principle is that '[a] similarity of legal or factual issues will weigh heavily against entry of judgment under [Rule 54(b)].'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005). When such similarity exists, entering a Rule 54(b) order is proper only when the court makes further specific findings that it is doing so to "avoid a harsh and unjust result." *Morrison-Knudsen*, 655 F.2d at 965. Given the similarity of legal and factual issues, this Court should deny the Controlling Shareholders' request for Rule 54(b) relief.

### 3. The Controlling Shareholders Fail to Make the Required Showing of Injustice or Hardship

In addition, the Controlling Shareholders make no effort to show that they would suffer a grave injustice or a dire hardship without Rule 54(b) relief. Nor can they. Courts in this District have not hesitated to deny requests for Rule 54(b) dismissal where the requesting party failed to demonstrate immediate hardship or injustice. For example, Judge Enright rejected a request for a Rule 54(b) dismissal, holding that it "is not sufficient urgency to justify a Rule 54(b) certification" where a party fails "to demonstrate any immediate hardship or injustice." *Sure-Safe Indus. v. C & R Pier Mfg.*, 851 F. Supp. 1469, 1475 (S.D. Cal. 1993). Likewise, Judge Whelan denied a request for Rule 54(b) relief given the defendants' "failure to properly establish reasons why such certification should be issued." *Maddux v. Philadelphia Life Ins. Co.*, 77 F. Supp. 2d 1123, 1134 (S.D. Cal. 1999). In addition, Judge Jones refused to grant a Rule 54(b) motion, reasoning that an interlocutory appeal "will likely result in protracted litigation" and will not "materially advance the ultimate termination of this litigation." *Humetrix, Inc. v. Gemplus S.C.A.*, No. 96-CV-216-J (JFS), 2000 U.S. Dist. LEXIS 21609, at *6-*8 (S.D. Cal. Feb. 22, 2000).

As in *Sure-Safe, Maddux* and *Humetrix*, the Controlling Shareholders' Rule 54(b) request misses the mark because they have failed "to demonstrate any immediate hardship or injustice." *See Sure-Safe Indus.*, 851 F. Supp. at 1475. In fact, the Controlling Shareholders ignore this legal requirement entirely and focus instead on the purported advantage to Plaintiff. *See, e.g.*, LGP

Defendants' Memorandum of Points and Authorities in Support of Motion for Clarification of Order Granting in Part and Denying in Part Motions to Dismiss Consolidated Complaint ("LGP Mem.") at 5 ("Plaintiffs here should not be able to begin discovery while maintaining they have the right to later amend their complaint against the dismissed defendants."). The Controlling Shareholders' failure to demonstrate immediate hardship or injustice dooms their motion.

Further, the Controlling Shareholders have failed to establish that certification would "streamline the litigation," "narrow the issues for trial" or otherwise promote the "expeditious decision" of this case. *See Texaco*, 939 F.2d at 797-98. In fact, the Controlling Shareholders do not provide any legitimate reason at all why this Court should enter final judgment. Rather, they claim that the case should be dismissed with prejudice because they "deserve" finality. LGP Mem. at 2. Regardless of what the Controlling Shareholders think they "deserve," the possibility of a later suit does not rise to the level of legal prejudice that would allow the Court to deny a dismissal without prejudice. *See Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

For example, in *Harrington v. Portland*, 708 F. Supp. 1561 (D. Or. 1988), the court rejected the defendants' request to enter final judgment in their favor pursuant to Rule 54(b) because similar claims against other defendants were still being litigated. The moving defendants asserted that Rule 54(b) relief was necessary to put the litigation behind them. *Id.* at 1573. The court denied the Rule 54(b) motion because legal and factual issues arising from the claim against the moving defendants remained in the case against the other defendants. *Id.* That situation, according to the court, would be an unreasonable drain on judicial resources because it would lead to separate appeals. *Id.* Similarly, the Controlling Shareholders' tactical maneuvering promises inefficient prosecution of this action and should not override the long-standing prohibition against piecemeal appeals. *Texaco*, 939 F.2d at 797-98.

**4. The Controlling Shareholders' Motion Should Be Denied to Prevent Piecemeal Litigation**

Moreover, it simply does not serve the interests of justice to burden the Ninth Circuit with multiple appeals arising out of the same litigation where, absent the Rule 54(b) dismissal sought by the Controlling Shareholders, the Ninth Circuit may never have to decide an appeal regarding

whether the Controlling Shareholders were properly dismissed. This Court could always revisit its prior ruling in light of evidence adduced during discovery if that evidence turned out to raise a strong inference of the Controlling Shareholders' fraudulent intent. Or the issue could be mooted. Or the case might settle.

The Ninth Circuit's recent holding is instructive:

> The greater the overlap the greater the chance that this court will have to revisit the same facts – spun only slightly differently – in a successive appeal. The caseload of this court is already huge. More than fifteen thousand appeals were filed in the last year. We cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a ***seriously important reason.***
>
> * * *
>
> Absent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals.

*Wood*, 422 F.3d at 882-83.

A Rule 54(b) final judgment on this record practically guarantees wasted judicial resources at both the district-court and appellate-court levels. With a Rule 54(b) final judgment entered against it, ***Plaintiff would be forced to take an appeal within 30 days***. *See* Fed. R. App. P. 4(a)(1)(A). Plaintiff would then continue to litigate the securities-fraud liability of the PETCO defendants in this Court, while Plaintiff's appeal involving the Controlling Shareholders – which includes Danhakl and Coslet, who were members of PETCO's Board of Directors – would proceed before the Ninth Circuit. A later appeal involving the PETCO defendants would not be foreclosed by a resolution of the appeal involving the Controlling Shareholders, compelling the Ninth Circuit to rule twice on the same question: whether Plaintiff met the Private Securities Litigation Reform Act of 1995's ("PSLRA") heightened pleading standard for misstatements regarding PETCO's operations and financials. Indeed, even after this Court's denial of their motion to dismiss, the PETCO defendants continue to insist that "plaintiffs have not adequately alleged violations of the securities laws." *See* Joint Report of the Parties Pursuant to Fed. R. Civ. P. 26(f) and [Proposed] Scheduling Order at 1, filed September 14, 2006.

Because the Controlling Shareholders do not even attempt to satisfy the requirements of Rule 54(b) and ask for relief that virtually assures piecemeal appeals, the Court should deny the Controlling Shareholders' motion.

**B. The PSLRA Discovery Stay Is Inapplicable to Rule 54(b) Relief**

The Controlling Shareholders argue that Plaintiff is somehow attempting to "circumvent" the PSLRA discovery stay. *See* LGP Mem. at 1, 3-5. Specifically, the Controlling Shareholders claim that Plaintiff must "forego discovery and amend their complaint now, or accept a dismissal with prejudice." *Id.* at 5. The Controlling Shareholders are wrong.

The PSLRA discovery stay has no applicability to this stage of the litigation. According to the plain language of the statute, the PSLRA discovery stay is in affect "during the pendency of any motion to dismiss." 15 U.S.C. §78u-4(b)(3)(B); *see also* S. Rep. No. 104-98, at 14 (1995) ("the Committee has determined that ***discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint***"). By denying the PETCO defendants' motion to dismiss, the Court has affirmatively decided that Plaintiff's Complaint ***does*** state a claim under the securities laws. Nor has Plaintiff filed an amended complaint on which motions to dismiss are contemplated. *See* Order at 57 (granting Plaintiff leave to file an amended complaint by September 1, 2006).[6] Thus, the PSLRA discovery stay is simply not applicable. For discovery purposes, the Controlling Shareholders are now situated like any other third party in this case, and their discovery obligations in this case are nothing more – or less – than any other third party.

Under Fed. R. Civ. P. 15(a), a party may amend its complaint "once as a matter of course at any time before a responsive pleading is served." Thereafter, a party may amend only by leave of the court or by written consent of the adverse party. *Id.* Rule 15(a), however, instructs that "leave

---

[6] Even if Plaintiff had amended the Complaint against the Controlling Shareholders, Plaintiff could still proceed with discovery against the PETCO defendants. *See In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 106 (D. Mass. 2002) (holding discovery stay inapplicable as to certain defendants during briefing on an amended complaint because court denied motion to dismiss as to those defendants).

shall be freely given when justice so requires." *Id.* "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). ***In the context of federal securities claims arising under the PSLRA, the Ninth Circuit has held that "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."*** *Eminence Capital*, 316 F.3d at 1052. In *Eminence Capital*, the Ninth Circuit held that a district court's denial of a leave to amend a complaint governed by the PSLRA was an abuse of discretion where the district court failed to "articulate why dismissal should be with prejudice." *Id.*

In a securities fraud case governed by the PSLRA, the court in *In re Raytheon Sec. Litig.*, 157 F. Supp. 2d 131, 156 n.16 (D. Mass. 2001), explained that, although it was dismissing the plaintiff's claims against Raytheon's auditor, PricewaterhouseCoopers LLP ("PwC"), the plaintiff might find sufficient evidence in discovery to hold PwC liable:

> It may be that ***during discovery*** concerning the pending claims against Raytheon, the ***plaintiff may derive a good factual basis*** (*i.e.*, access to the August 1998 AAM or later AAMs) ***for making sufficient allegations against PwC*** to hoist the red flag up the pole.

*Id.*

As in *Raytheon*, nothing prevents Plaintiff in this case from seeking leave to amend the Complaint if Plaintiff discovers evidence that justifies such an amendment. This Court never determined that Plaintiff's allegations against the Controlling Shareholders could not be saved by amendment. Instead, the Court simply found that Plaintiff's ***original, unamended complaint*** failed to meet the strict pleading requirements of the PSLRA as to Controlling Shareholders. In the Ninth Circuit, however, failure to plead with the requisite specificity under the PSLRA does not, on its own, constitute grounds for dismissal with prejudice. *See Eminence Capital*, 316 F.3d at 1052. Ninth Circuit case law simply does not support the Controlling Shareholders' suggestion that, under the PSLRA, plaintiff has only a single "bite at the apple." *See id.* at 1053.

The Controlling Shareholders rely on two cases within the Ninth Circuit which discuss the PSLRA discovery stay. In both of those cases, however, the courts held that the PSLRA stayed

discovery because a motion to dismiss – or a motion to reconsider the court's motion to dismiss ruling – was pending. Neither of these cases even considered whether a dismissal should be granted with prejudice. For example, in *Powers v. Eichen*, 961 F. Supp. 233 (S.D. Cal. 1997), the District Court held the PSLRA discovery stay was still in effect because the Court had not yet ruled on the defendants' motion for reconsideration of the Court's motion to dismiss ruling. *Id.* at 236. In this case, unlike *Powers*, there are no motions for reconsideration or any other pending legal challenges to the Complaint.

The Controlling Shareholders' reliance on *Medhekar v. United States Dist. Court*, 99 F.3d 325 (9th Cir. 1996), is equally unavailing. Unlike this case, discovery was stayed in *Medhekar* because a motion to dismiss was pending. The court in *Medhekar* simply ruled that Rule 26(a)(1) initial disclosures were "discovery" and were, thus, encompassed by the PSLRA discovery stay. *Id.* at 328. *Medhekar* is totally inapplicable to the situation here – where no motions to dismiss are pending or contemplated – and certainly had nothing to do with a motion for dismissal with prejudice.

The Controlling Shareholders' trio of New York district court cases are no more persuasive. For example, *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003), does not even come close to the facts of this case. There, the court denied plaintiffs' request to lift the discovery stay while a motion to dismiss was pending. *Id.* at 129-31. *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004), is also inapplicable. In *Podany*, ***the court dismissed the plaintiffs' entire complaint against all the defendants***. *Id.* at 377. While seeking to replead, plaintiffs requested discovery from defendants. *Id.* The *Podany* court simply held that "no discovery should take place until a court has affirmatively decided that a complaint does state a claim under the securities laws." *Id.* at 378. Here, on the other hand, the Court has decided that Plaintiff's complaint is legally sufficient as to the PETCO defendants. Nor does the Controlling Shareholders' reliance on *In re AOL Time Warner Sec. & ERISA Litig.*, No. 02 Civ. 5575 (JWK), 2004 U.S. Dist. LEXIS 16017 (S.D.N.Y. Aug. 12, 2004), help them here. In *AOL*, the plaintiffs had filed ***two amended complaints*** prior to the court's dismissal with prejudice. In this case, however, ***Plaintiff has not amended its complaint once***. In the Ninth Circuit, failure to plead with the

requisite specificity under the PSLRA does not, on its own, constitute grounds for dismissal with prejudice. *Eminence Capital*, 316 F.3d at 1052.[7]

The Controlling Shareholders claim Plaintiff is seeking "a unilateral extension of this Court's September 1, 2006 deadline to file an amended complaint." LGP Mem. at 2. This is silly. Plaintiff has not sought any such extension. Nor is Plaintiff accorded any right to amend the Complaint in the future. Should Plaintiff desire to amend the Complaint at a later date, then Plaintiff must comply with Fed. R. Civ. P. 15 by obtaining leave of Court.

The Controlling Shareholders fail to explain why they should be accorded special treatment – different from any other third party in this litigation – and dismissed with prejudice from this action. ***A dismissal without prejudice does nothing more than leave the Controlling Shareholders in the same position as if they had never been sued in the first place.*** *See Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001) (holding "[a] dismissal without prejudice . . . leaves the parties where they would have stood had the lawsuit never been brought"). Thus, the remedy sought by the Controlling Shareholders – dismissal with prejudice – would give them virtual immunity from prosecution while all other third parties, such as PETCO's auditors and investment banks, could be added at any time. *See* Fed. R. Civ. P. 21 ("Parties may be dropped or added by order of the court on the motion of any party or of its own initiative at any stage of the action and on terms as are just."). This result is both unjust and illogical.

Finally, the Controlling Shareholders complain that, without a final judgment, they are left in a "state of limbo." LPG Mem. at 2. This, too, is false. Like any other third party to this action, the Controlling Shareholders are protected from indefinite liability by the applicable statute of limitations. In 2002, Congress passed the Sarbanes-Oxley Act extending the statute of limitations for Rule 10b-5 actions, which provides that:

---

[7] Indeed, it is apparent that the Controlling Shareholders do not even believe their own argument. For example, TPG has agreed to produce documents pursuant to a third-party subpoena, and has ***never*** asserted – in its objections or elsewhere – that such discovery is stayed by the PSLRA. *See* Ex. 1, attached hereto.

> a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 . . ., may be brought not later than the earlier of –
>
> (1) 2 years after the discovery of the facts constituting the violation; or
>
> (2) 5 years after such violation.

Pub. L. No. 107-204, 116 Stat. 745 (2002).

The fundamental purpose of this time limitation is to ensure "that the defendant is given the protections of predictability and promptness which underlie statutes of limitations." *See United States v. Hagege*, 437 F.3d 943, 955 (9th Cir. 2006). "[C]ase law holds that the statute of limitations is typically adequate protection for a defendant's rights." *United States v. Barken*, 412 F.3d 1131, 1135 (9th Cir. 2005).

Because the PSLRA discovery stay has nothing to do with this case – where the Court has upheld the legal sufficiency of the Complaint and no motion to dismiss is pending – the Court should deny the Controlling Shareholders' purported Motion for Clarification.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny the Controlling Shareholders' Motion for Clarification.

DATED: September 22, 2006

Respectfully submitted,

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
DANIEL S. DROSMAN
DAVID A. THORPE
TED MINAHAN

DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Petco III\BRF00034979.doc

WILMERHALE

**Andrew B. Weissman**

+1 202 663 6612 (t)
+1 202 663 6363 (f)
andrew.weissman@wilmerhale.com

September 7, 2006

***By Facsimile and***
***<u>Electronic Mail</u>***

Daniel S. Drosman, Esq.
Lerach Coughlin Stoia Geller
Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Re: *In re PETCO Animal Supplies, Inc. Sec. Litig.*, Case No. 05-CV-0823-H (RBB)

Dear Mr. Drosman:

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), the Texas Pacific Group, Inc. and Jonathan Coslet, (together, "TPG") provide their objections to the August 24, 2006 subpoenas served on behalf of plaintiffs in the above-captioned matter.

**<u>General Objections</u>**

TPG's general objections to the non-party subpoenas include, but are not limited to the following:

*First*, the subpoenas are unduly burdensome to the extent that they seek information more easily and efficiently obtainable from the parties to the above-referenced litigation. TPG should not be put to the time and expense of finding documents already in the custody and control of the parties themselves.

*Second*, the subpoenas are vague and overbroad on their faces and thereby also unduly burdensome. The subpoenas seek all documents concerning PETCO Animal Supplies, Inc. ("PETCO"), in any manner, including documents concerning individuals and issues that the Court has already dismissed from this lawsuit.[1/] In light of the Court's Order, these broad demands encompass documents clearly irrelevant to the pending litigation and not reasonably designed to lead to the discovery of admissible evidence.

---

[1/] The Court's August 1, 2006 Order Granting in Part and Denying in Part Motions to Dismiss Consolidated Complaint (the "Order") dismissed (i) all claims against multiple PETCO executives, directors, and investors (including all TPG Defendants), and (ii) plaintiffs' claim premised on alleged operational difficulties at PETCO.

WILMERHALE



*Third*, TPG objects to the subpoenas as unduly burdensome and overbroad with respect to the time period covered by plaintiffs' document requests. The Class Period for the lawsuit is August 18, 2004 through August 25, 2005. The subpoenas, however, seek documents that pre- and post-date this period, fall outside the scope of the pending litigation, and are not relevant to the claims or defenses of any party. To the extent that TPG agrees to produce documents in response to any of the specific requests discussed below, its production will only include documents created between August 18, 2004 and August 25, 2005.

*Fourth,* the subpoenas are overbroad and unduly burdensome because, by virtue of their breadth, they fail to reflect the fact that substantial portions of the lawsuit were dismissed by the Court's August 1, 2006 Order. Discovery should be limited to materials reasonably calculated to lead to evidence bearing on the allegations the Court permitted to go forward.

*Fifth*, TPG objects to the subpoenas to the extent that they call for information that was not generated in the form of hard-copy written or printed material, on the grounds that it would be unduly burdensome, oppressive, and costly to require TPG to search its and its employees' computer or telephone records or other means of electronic or magnetic data storage or compilation. To the extent that TPG agrees to produce electronic documents in response to any of the specific requests discussed below, its production will be limited to electronic documents that are reasonably accessible without undue burden or expense.

*Sixth*, the subpoenas are unduly burdensome in that, by virtue of their breadth, they seek production of documents that are or may be protected by the attorney-client privilege or by work product under Federal Rule of Civil Procedure 26, and any other applicable privilege or immunity.

*Seventh*, the subpoenas are unduly burdensome and oppressive to the extent that they seek TPG's own proprietary documents, trade secrets, and otherwise confidential information. As a non-party to this litigation, TPG should not be required to produce any material that would undermine the value of its proprietary methods, procedures, and processes. TPG objects to producing such documents absent an appropriate protective order.

*Eighth*, the subpoenas make no provision for reimbursement by plaintiffs of the significant and unduly burdensome expenses that TPG would incur in complying with the subpoenas. As a non-litigant third-party, TPG objects to producing any information absent a provision for reasonable reimbursement of the costs of production.

WILMERHALE



*Ninth*, TPG objects to the time, manner, and place of production set forth in the subpoenas as unduly burdensome. To the extent that TPG produces documents in response to any of the specific requests discussed below, it will do so at a reasonable time and place in a manner agreed upon by TPG and plaintiffs.

*Tenth*, TPG objects to the subpoenas' "Definitions" and "Instructions" to the extent that they are vague and overbroad and to the extent that they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and/or the Local Civil Rules of the United States District Court for the Southern District of California.

**Responses and Objections to Specific Document Requests**

TPG hereby repeats and reasserts its general objections with respect to each of the specific requests for documents contained in the subpoenas. In addition, TPG responds as follows:

Request No. 1:

All documents related to PETCO's accrual of expenses.

Response to Request No. 1:

Subject to and without waiving its general objections, TPG will search files reasonably likely to have documents responsive to this request and produce any non-privileged responsive documents created between August 18, 2004 and August 25, 2005.

Request No. 2:

All documents regarding any accounting or financial reporting errors at PETCO.

Response to Request No. 2:

Subject to and without waiving its general objections, TPG will search files reasonably likely to have documents responsive to this request and produce any non-privileged responsive documents created between August 18, 2004 and August 25, 2005.

WILMERHALE

Daniel S. Drosman, Esq.
September 7, 2006
Page 4

Request No. 3:

All communications between you and PETCO or any of the Individual Defendants

Response to Request No. 3

TPG objects to this request on the grounds that it is overbroad, vague, unduly burdensome, duplicative of other requests, seeks documents not relevant to the claims or defenses of any party, seeks documents containing information of a confidential or proprietary nature, and is not reasonably calculated to lead to the discovery of admissible evidence. TPG further objects to this request to the extent that documents responsive to this request are more easily obtainable from parties to this litigation.

Subject to and without waiving its specific and general objections, TPG agrees to meet and confer with plaintiffs in an attempt to resolve these objections.

Request No. 4

All documents related to PETCO's Board of Directors and Committee meetings.

Response to Request No. 4:

TPG objects to this request on the grounds that it is overbroad, vague, unduly burdensome, duplicative of other requests, seeks documents not relevant to the claims or defenses of any party, seeks documents containing information of a confidential or proprietary nature, and is not reasonably calculated to lead to the discovery of admissible evidence. TPG further objects to this request to the extent that documents responsive to this request are more easily obtainable from parties to this litigation.

Subject to and without waiving its specific and general objections, TPG agrees to meet and confer with plaintiffs in an attempt to resolve these objections.

WILMERHALE

Daniel S. Drosman, Esq.
September 7, 2006
Page 5

Request No. 5:

All documents related to Julian Day.

Response to Request No. 5:

TPG objects to this request on the grounds that it is overbroad, vague, unduly burdensome, duplicative of other requests, seeks documents not relevant to the claims or defenses of any party, seeks documents containing information of a confidential or proprietary nature, and is not reasonably calculated to lead to the discovery of admissible evidence. TPG further objects to this request to the extent that documents responsive to this request are more easily obtainable from parties to this litigation.

Subject to and without waiving its specific and general objections, TPG agrees to meet and confer with plaintiffs in an attempt to resolve these objections.

Request No. 6:

All documents related to any communications between you and KPMG concerning PETCO.

Response to Request No. 6:

TPG objects to this request on the grounds that it is overbroad, vague, unduly burdensome, duplicative of other requests, seeks documents not relevant to the claims or defenses of any party, seeks documents containing information of a confidential or proprietary nature, and is not reasonably calculated to lead to the discovery of admissible evidence. TPG further objects to this request to the extent that documents responsive to this request are more easily obtainable from parties to this litigation.

Subject to and without waiving its specific and general objections, TPG agrees to meet and confer with plaintiffs in an attempt to resolve these objections.

WILMERHALE



Request No. 7:

All documents concerning your document retention policy and practices during the relevant time period.

Response to Request No. 7:

TPG objects to this request on the grounds that it is overbroad, vague, unduly burdensome, seeks documents not relevant to the claims or defenses of any party, seeks documents containing information of a confidential or proprietary nature, seeks privileged information and/or attorney work product, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its specific and general objections, TPG agrees to meet and confer with plaintiffs in an attempt to resolve these objections.

Request No. 8:

All documents authored or received by you concerning PETCO or the individual defendants.

Response to Request No. 8:

TPG objects to this request on the grounds that it is overbroad, vague, unduly burdensome, duplicative of other requests, seeks documents not relevant to the claims or defenses of any party, seeks documents containing information of a confidential or proprietary nature, and is not reasonably calculated to lead to the discovery of admissible evidence. TPG further objects to this request to the extent that documents responsive to this request are more easily obtainable from parties to this litigation.

Subject to and without waiving its specific and general objections, TPG agrees to meet and confer with plaintiffs in an attempt to resolve these objections.

****

TPG reserves the right to supplement or amend these objections and responses. Should you wish to meet and confer in an effort to resolve TPG's objections, please contact me at (202) 663-6612.

Very truly yours,

A Weissman /JSG

Andrew B. Weissman

cc: Counsel of Record

DECLARATION OF SERVICE BY FEDERAL EXPRESS DELIVERY

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on September 22, 2006, declarant served by Federal Express, overnight delivery, the LEAD PLAINTIFF'S OPPOSITION TO THE CONTROLLING SHAREHOLDERS' MOTION FOR CLARIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS CONSOLIDATED COMPLAINT to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of September, 2006, at San Diego, California.

Teresa Holindrake

TERESA HOLINDRAKE

PETCO III (LEAD)
Service List - 9/22/2006 (05-0084)
Page 1 of 1

**Counsel For Defendant(s)**

Peter H. Benzian
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA 92101-3375
619/236-1234
619/696-7419(Fax)

Timothy R. Pestotnik
Pestotnik + Gold LLP
401 West A Street, Suite 1600
San Diego, CA 92101
619/237-3000
619/342-8020(Fax)

Robert F. LeMoine
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
213/687-5000
213/687-5600(Fax)

Andrew B. Weissman
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Anveue, N.W.
Washington, DC 20006
202/663-6000
202/663-6363(Fax)

**Counsel For Plaintiff(s)**

Daniel S. Drosman
David A. Thorpe
Ted Minahan
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
619/231-1058
619/231-7423(Fax)

Patrick J. Coughlin
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
310/859-3100
310/278-2148(Fax)