LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DANIEL S. DROSMAN (200643)
DAVID A. THORPE (216498)
TED MINAHAN (227969)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
  – and –
PATRICK J. COUGHLIN (111070)
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETCO CORPORATION SECURITIES LITIGATION | Master File No. 05-CV-0823-H(RBB) |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| ALL ACTIONS. | |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. **DEFINITIONS**

2.1 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential."

- 1 -                                                     05-CV-0823-H(RBB)

1    2.8    <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9    <u>House Counsel</u>: Attorneys who are employees of a Party.

2.10    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.11    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation and any participants in a focus group, mock trial or research connected with case preparation.

2.12    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (*e.g.*, contract attorneys; investigators; mediators; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents,

items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   **Manner and Timing of Designations**: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix "CONFIDENTIAL" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

(c) <u>for information produced in some form other than documentary</u>, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3     <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. This section does not apply, however, to testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony fails to designate for protection within 20 days, as specified in Section 5.3(b).

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>: Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

- 4 -                               05-CV-0823-H(RBB)

1    economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must include conferring directly with Counsel for the Designating Party. In conferring, the challenging Party must identify the documents for which it believes the confidentiality designation was not proper. The Designating Party shall within seven (7) calendar days review the designated material, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the chosen designation. A Designating Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. In the case of mass, routinized or indiscriminate designations, the challenging Party need only identify examples of the designations that are believed to be clearly unjustified, or that have been made for an improper purpose.

      6.3    <u>Judicial Intervention</u>: If the Designating Party refuses to change a confidentiality designation for documents identified by the challenging Party, the Designating Party must file and serve a motion within 15 days of the conclusion of the meet and confer process that identifies the challenged material and sets forth, on a document by document basis, good cause for protection pursuant to Federal Rule of Civil Procedure 26. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Notwithstanding any challenge to the designation of material as Protected Material, all such documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs: (a) the Party or non-party who claims that the material is Protected Material withdraws such designation in writing; or (b) the Court rules the material is not Protected Material.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1    <u>Basic Principles</u>: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)   The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(b)   The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(c)   Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(d)   The Court and its personnel;

(e)   Court reporters or videographers and their staff, mediators and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)   Witnesses in the action (other than those described in paragraph 7.2(g) or (h)) to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A. "Confidential" Information or Items may be disclosed to a witness who refuses to sign the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A if the witness has been told that the "Confidential" Information may be protected by federal and applicable state law, and that misuse, misappropriation or wrongful

disclosure of "Confidential" Information might subject the witness to civil and/or criminal liability. Witnesses shown "Confidential" Information, who will not sign the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A shall not be allowed to retain copies of the information;

  (g) The author of the document or the original source of the information;

  (h) Any recipient of the information; and

  (i) Any other person only upon order of the Court or upon prior written consent of the Producing Party.

There is no requirement that a Party who discloses information or items designated as "Confidential" disclose the identities of the recipients of such information or produce any executed "Agreement to Be Bound by Protective Order."

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to agree to be bound by this Protective Order.

**10. FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all persons, a Party may not file in the public record in this action any Protected Material in any form, whether contained or summarized within the body of any document, pleading, brief or writing or attached thereto. If a Party wishes to file a document that has been designated "Confidential," or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must serve (but not file) a notice of intent to file "Confidential" information and the document, memorandum or other filing on the Designating Party. Within five (5) calendar days thereafter, the Designating Party must serve (but not file) a declaration establishing that the designated information is sealable or withdrawing the designation of confidentiality. If the Designating Party does not serve its responsive declaration as required by this Section, the document or proposed filing may be made part of the public record. If a request to file under seal is denied, the document shall be made part of the public record.

No items will be filed under seal without a prior application to, and order from, the judge presiding over the hearing or trial. Only when the judge presiding over the hearing or trial permits filing an item or items under seal may confidential material filed with the Court be filed in a sealed envelope or other container marked on the outside with the caption of this action and the following statement:

"CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER."

If any person fails to file protected documents or information under seal, any party to this lawsuit may request that the Court place the filing under seal.

1    Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing
2    all nonconfidential information shall be filed and made part of the public record. The item may be
3    redacted to eliminate confidential material from the public document. The public document shall be
4    titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration
5    of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall
6    be filed simultaneously.

7    **11.   FINAL DISPOSITION**

8    Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the
9    final termination of this action, including appellate litigation or the time period therefore, each Receiving
10   Party must return all Protected Material to the Producing Party or destroy such material, at the Receiving
11   Party's option. The Producing Party shall bear the cost of return (which cost shall not include the cost
12   of gathering, searching for, or retrieving the Protected Material). As used in this subdivision, "all
13   Protected Material" includes all copies, abstracts, compilations, summaries or any

other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>: It is the present intention of the Parties that the provisions of this Stipulated Protective Order shall govern discovery and other pretrial proceedings in this action. Nonetheless, each of the Parties or any other proper non-party shall be entitled to seek modification of this Stipulated Protective Order by application to the Court on notice to the other Party hereto for good cause.

12.2 <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>No Waiver</u>: Entering into, agreeing to, and/or producing or receiving material designated as "Confidential," or otherwise complying with the terms of this Confidentiality Order shall not:

(a) Operate as an admission by any party that any particular material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of Confidential Information;

   (b) Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party to be "CONFIDENTIAL";

   (c) Prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

   (d) Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

   (e) Prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

   (f) Prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Information;

   (g) Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

   (h) Limit a Party's ability to grant non-parties access to its own documents and/or information;

   (i) Be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection; and/or

   (j) Prevent a Party or third Party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Protected Material requested.

   12.4 <u>Subject to Jurisdiction</u>:  All persons who have access to information or material designated as Protected Material under this Stipulated Protective Order acknowledge that they are bound by this Protective Order and submit to the jurisdiction of this Court for the purposes of enforcing this Protective Order.  However, this Stipulated Protective Order has no effect upon, and shall not apply to, a Producing Party's use of its own Protected Material for any purpose.

```
 1        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

 2   DATED: October 3, 2006           LERACH COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
 3                                   DANIEL S. DROSMAN
                                     DAVID A. THORPE
 4                                   TED MINAHAN

 5

 6
                                              /s/ DANIEL S. DROSMAN
 7                                          DANIEL S. DROSMAN

                                     655 West Broadway, Suite 1900
 8                                   San Diego, CA 92101
                                     Telephone: 619/231-1058
 9                                   619/231-7423 (fax)

10                                   LERACH COUGHLIN STOIA GELLER
                                         RUDMAN & ROBBINS LLP
11                                   PATRICK J. COUGHLIN
                                     9601 Wilshire Blvd., Suite 510
12                                   Los Angeles, CA 90210
                                     Telephone: 310/859-3100
13                                   310/278-2148 (fax)

14                                   Lead Counsel for Plaintiffs

15
     DATED: October 3, 2006           LATHAM & WATKINS LLP
16                                   PETER BENZIAN

17

18                                            /s/ PETER BENZIAN

19
                                     600 West Broadway, Suite 1800
20                                   San Diego, CA 92101-3375
                                     Telephone: 619/236-1234
21                                   619/696-7419 (fax)

22                                          *   *   *

23                                          ORDER

24       IT IS SO ORDERED.
25   DATED: 11/6/2006                        /s/ Ruben B. Brooks
                                     THE HONORABLE RUBEN B. BROOKS
26                                   UNITED STATES MAGISTRATE JUDGE

27

28
                                     - 11 -                 05-CV-0823-H(RBB)
```

# EXHIBIT A

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on _____ [date] in the case of *In re PETCO Corporation Securities Litigation*, Master File No. 05-CV-0823-H(RBB). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and state where sworn
and signed: _____

Printed name: _____

Signature: _____

S:\CasesSD\Petco III\STP00034178.doc

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on October 4, 2006, declarant served the STIPULATION AND [PROPOSED] PROTECTIVE ORDER by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of October, 2006, at San Diego, California.

*/s/ Teresa Holindrake*
TERESA HOLINDRAKE

PETCO III (LEAD)
Service List - 10/4/2006   (05-0084)
Page 1 of 1

**Counsel For Defendant(s)**

Peter H. Benzian   *
Latham & Watkins LLP
600 West Broadway, Suite 1800
San Diego, CA  92101-3375
   619/236-1234
   619/696-7419(Fax)

Timothy R. Pestotnik
Pestotnik + Gold LLP
401 West A Street, Suite 1600
San Diego, CA  92101
   619/237-3000
   619/342-8020(Fax)

Robert F. LeMoine
Skadden, Arps, Slate, Meagher & Flom LLP
300 S. Grand Ave., Suite 3400
Los Angeles, CA  90071
   213/687-5000
   213/687-5600(Fax)

Andrew B. Weissman
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Anveue, N.W.
Washington, DC  20006
   202/663-6000
   202/663-6363(Fax)

**Counsel For Plaintiff(s)**

Daniel S. Drosman
David A. Thorpe
Ted  Minahan
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
   619/231-1058
   619/231-7423(Fax)

Patrick J. Coughlin
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
   310/859-3100
   310/278-2148(Fax)

*Denotes Service Via Hand Delivery

14