# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETCO ANIMAL SUPPLIES INC. SECURITIES LITIGATION, | CASE NO. 05-CV-0823-H (RBB)<br><br>**ORDER DENYING MOTION FOR CLARIFICATION**<br><br>[Docket Nos. 62 & 63] |

On August 1, 2006, the Court denied in part and granted in part motions to dismiss this class action securities case. [Docket No. 60] The Court sustained the Consolidated Complaint as to Defendant Petco (and several officers) on one theory of fraud; however, the Court dismissed the Partnership Defendants[1] for failure to plead sufficient facts to show their involvement in the alleged fraud. The Court dismissed without prejudice and permitted Lead Plaintiff until September 1, 2006 to file a First Amended Consolidated

---

[1] The two groups of investment partnerships are referred to as "TPG" and "LGP," but the Court refers to them (and their related entities and individuals) collectively as the "Partnership Defendants." These include: Texas Pacific Group, Inc., TPG Advisors III, TPG Partners III, L.P., TPG Parallel III, L.P., TPG Dutch Parallel III, C.V., TPG Investors III, L.P., FOF Partners III, L.P., FOF Partners III-B, L.P., David Bonderman, Jonathan Coslet, James Coulter, William Price, Leonard Green & Partners, L.P., Green Equity Investors III, L.P., John Baumer, John Danhakl, Jonathan Sokoloff, and Peter Nolan. The LGP Defendants filed this motion for clarification, and the TPG Defendants joined it.
  Baumer, Coslet, Danhakl, and Price had relationships both with their respective investment partnerships *and* to the Petco corporation because they served on Petco's Board of Directors. The Court these four individuals dismissed without prejudice. [Docket Nos. 60 & 61]

1  Complaint.  The Partnership Defendants have now filed a motion to clarify that in the event
2  Lead Plaintiff choose not to amend the complaint within the time specified by the August
3  2006 Order, the dismissal will be *with* prejudice pursuant to the discovery stay of the
4  Private Securities Litigation Reform Act ("PSLRA").

5  Initially, the Court ordered the motion submitted on the briefs.  Civil Local Rule
6  7.1(d)(1).  After further consideration, however, the Court convened a telephonic
7  conference on November 8, 2006 to discuss the legal issue.  Dan Drosman, Esq. appeared
8  for Lead Plaintiff; Eric Waxman, Esq. appeared for the LGP Defendants; Tim Pestotnik,
9  Esq. appeared for the LGP Defendants; and Peter Benzian, Esq. appeared for the Petco
10 Defendants.  Having carefully considered the arguments of both sides and for the reasons
11 stated below, the Court DENIES the motion for clarification.

12 I.  Procedural History

13 Initially, several plaintiffs filed securities class actions against Petco Animal
14 Supplies, Inc. after its April 15, 2005 announcement that it had discovered an accounting
15 error relative to certain under-accrued expenses in its distribution operations.  The parties
16 then stipulated to have the several actions consolidated and to select a Lead Plaintiff and
17 Lead Counsel.

18 In October 2005, Lead Plaintiff filed a Consolidated Complaint against two
19 categories of defendants:  first, the Petco corporation and certain executives and officers,
20 and second, the Partnership Defendants, who had once owned Petco.  The Consolidated
21 Complaint alleged that the defendants had violated the federal securities laws by issuing
22 false and misleading statements and by engaging in insider trading at artificially-inflated
23 prices.  The Class Period began on August 18, 2004.

24 In January and February 2006, all defendants filed motions to dismiss for failure to
25 state a claim for relief.  Fed. R. Civ. P. 12(b)(6).  Pursuant to the Private Securities
26 Litigation Reform Act, the filing of those motions to dismiss automatically stayed all
27 discovery pending resolution of the motion.  15 U.S.C. § 78u-4(b)(3)(B); *Medhekar v.*
28

*United States Dist. Ct.*, 99 F.3d 325, 327 (9th Cir. 1996) (per curiam).[2]

The motions to dismiss were briefed and argued, and on August 1, 2006, the Court issued its decision. The Court denied the motion by Petco and some of its executives as to the allegations concerning an accounting impropriety, specifically, an alleged practice to defer the recording of incurred distribution expenses in order to make quarterly earnings goals.[3] The Court held that Lead Plaintiff had stated a claim, with factual allegations sufficient to demonstrate a strong inference of scienter by some of the Petco Defendants. Those Petco Defendants have answered the Consolidated Complaint and the Magistrate Judge has scheduled an Early Neutral Evaluation Conference for November 11, 2006.

The Court, however, agreed with the Partnership Defendants that the Consolidated Complaint failed to state a claim against them on either a theory of primary liability or as control persons. The Partnership Defendants had owned and managed Petco from 2000 to 2002, at which time they became majority shareholders. By the time the Class Period began in August 2004; however, the Partnership Defendants had sold most of their shares. After October 2004, the Partnership Defendants did not own any Petco common stock, though two individuals connected to the Partnerships continued to serve as outside directors. The Court found no basis for holding a former majority shareholder liable for corporate fraud.

---

[2]The stay of discovery provision states:
> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B).

[3]The Court denied the motion to dismiss as to the five Petco executives who were alleged to have been involved. The Court granted the motion as to four other Petco executives (Frederick Major, Keith Martin, Janet Mitchell, and William Woodard) because the facts did not indicate their involvement in or knowledge of the alleged wrongdoing.

As noted, four of the individual had overlapping duties to Petco and their respective Partnerships, but the Court dismissed without prejudice the Consolidated Complaint as to all outside directors.

Finally, the Court dismissed the allegations of fraud relative to its business strategy, operational problems (including an inadequate distribution infrastructure, an ineffective program to re-model the stores, and an error in accounting for tenant improvement allowances) as to *all* named Defendants.

1    The Court granted Lead Plaintiff leave to amend to attempt to cure the deficiencies,
2 and permitted it until September 1, 2006 to file such an amended complaint. That date has
3 now passed, and Lead Plaintiff has stated that it does not intend, at this time, to amend.

4    Lead Plaintiff has served subpoenas on the Partnership Defendants to produce
5 various documents. Lead Plaintiff is seeking the discovery against these *former* parties
6 under the rules that apply to *non*-parties.

7    The Partnership Defendants ask the Court to clarify its August 2006 Order to
8 dismiss them *with* prejudice now that Lead Plaintiff has chosen not to amend the complaint
9 within the time set by the Court.

10 II. Discussion

11    The Partnership Defendants contend that Lead Plaintiff is circumventing the
12 discovery stay by leaving them "in a state of limbo without the finality they deserve after
13 prevailing on their Motions to Dismiss." LGP's Br. at 3 ("If the Court were to permit
14 Plaintiffs to discover their way into a viable securities claim against the dismissed
15 defendants, the PSLRA discovery stay would become meaningless and the Congressional
16 intent of the statute vitiated[.]" (quoting *In re American Online Time Warner, Inc. Sec. and*
17 *ERISA Litig.*, 2004 U.S. Dist. LEXIS 16017, at * 2 (S.D.N.Y. Aug. 11, 2004). They cite a
18 statement from a Ninth Circuit decision that the discovery stay in the PSLRA shows that
19 "Congress clearly intended that complaints in these securities actions should stand or fall
20 based on the actual knowledge of the plaintiffs rather than information produced by the
21 defendants after the action has been filed." *Medhekar*, 99 F.3d at 326. The Partnership
22 Defendants argue that plaintiffs "should not be able to begin discovery while maintaining
23 that they have a right to later amend their complaint against the dismissed defendants."
24 LGP's Br. at 5. They further reason "that having failed sufficiently to plead a claim against
25 [the Partnership Defendants], Plaintiffs are precluded by the PSLRA from seeking
26 discovery until they amend their Complaint and survive a further motion to dismiss."
27 LGP's Reply Br. at 1.
28 / / / / /

The Court denies the motion because there is no pending motion to dismiss, thus the language of the discovery stay provision itself does not apply. *See In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 104-09 (D. Mass. 2002) (when some but not all defendants had filed motions to dismiss, the PSLRA did not require a discovery stay but district court imposed restrictions on discovery pending resolution of that motion). The PSLRA states that discovery is stayed while a motion to dismiss is *pending*. The decisions in which courts have enforced this provision have involved situations in which the district court had not yet resolved a first or second motion to dismiss, or where a party had asked the district court to reconsider its ruling. *E.g.*, *In re Salomon Analyst AT&T Litig.*, 373 F. Supp. 2d 252, 254-56 (S.D.N.Y. 2005) (defendants' motion for reconsideration to consider intervening Circuit authority that might compel district court to dismiss defendants was still pending); *Powers v. Eichen*, 961 F. Supp. 233, 236 (S.D. Cal. 1997) (Battaglia, Magistrate Judge) (defendants' motion for reconsideration pending). Here, the Lead Plaintiff has stated a securities law claim against Petco and various executives. The Consolidated Complaint has been sustained as to the alleged accounting fraud, and the Lead Plaintiff is now relieved of the PSLRA stay and may properly seek discovery to support its theory.

But the Partnership Defendants further contend that the "spirit" of the discovery stay will be violated unless the Court dismisses them with prejudice. They contend that the Lead Plaintiff must choose to amend its complaint against the Partnership Defendants based upon the information currently possessed *or* accept a dismissal with prejudice. The Partnership Defendants refer to the legislative history of the PSLRA in which Congress stated it wanted to protect potential targets of frivolous securities lawsuits from the expense and burden of "fishing expeditions" by precluding discovery until a district court had sustained the sufficiency of the allegations. *See e.g., Medhekar*, 99 F.3d at 328 (reviewing legislative history).

The Court has carefully considered the Partnership Defendants' argument in this regard but concludes that they are not entitled to the relief they seek. Controlling Ninth Circuit authority instructs the district courts that "[d]ismissal with prejudice . . . is not

appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). The Court has not reached that conclusion as to the Partnership Defendants thus the Court cannot dismiss them with prejudice at this stage.

As the Partnership Defendants note, the Lead Plaintiff is seeking discovery from entities for which they have not stated a claim for relief, and this circumstance presents an interesting legal issue. Yet it cannot be said that Lead Plaintiff is "circumventing" the discovery stay. The Partnership Defendants, like any other as yet unknown potential defendant, are protected by the discovery rules that limit the types of discovery that can be pursued against a non-party. As noted, the Lead Plaintiff is issuing subpoenas to the Partnership Defendants as non-parties under the procedures of Rule 45 of the Federal Rules of Civil Procedure. In the event that Lead Plaintiff discovers evidence that would prompt it to seek leave to amend its complaint to add further factual allegations against the Partnership Defendants (or some other individual), it would be required to seek leave of court within the time frame set by the scheduling order and explain why it had not done so within the time set by the Court's August 1, 2006 Order. *Cf.* Fed. R. Civ. P. 41(b) (involuntary dismissal). That process is not unfairly prejudicial to the Partnership Defendants. *Cf. Eminence*, 316 F.3d at 1052-53 (district court must explain reason to dismiss complaint without leave to amend, and prejudice to defendant carries most weight). Conversely, if the Court were to dismiss the Partnerships with prejudice, it could lead to a piecemeal appeal process or require a motion for relief from judgment. This scenario is more cumbersome. Under either scenario, the Lead Plaintiff could continue to seek discovery from the Partnership Defendants as non-parties. Thus, the effect on the Partnership Defendants is the same. *Cf. Med. Imaging Ctrs. of Am. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996). Having considered the competing interests in the current posture of the case, the Court is not persuaded by the Partnership Defendants' argument that the PSLRA entitles them to immediate dismissal with prejudice. Accordingly, the Court denies their motion for clarification.

CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, a review of the record, and for the reasons set forth above the Court DENIES the motion for clarification filed by the LGP Defendants and joined by the TPG Defendants. [Docket Nos. 62 & 63]

IT IS SO ORDERED.

DATED: November 13, 2006

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

cc: all counsel of record