UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL 51 PENSION FUND, On Behalf of Itself and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC., JAMES M. MYERS and RODNEY CARTER,<br><br>        Defendants. | Civil No. 05CV0823H(RBB)<br><br>AMENDED CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS<br><br>(Rule 16, Fed.R.Civ.P.)<br>(Local Rule 16.1) |

Pursuant to rule 16 of the Federal Rules of Civil Procedure, a case management conference was held on November 7, 2006.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1.   All discovery shall be completed by all parties on or before December 3, 2007.  All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  For oral discovery, the event giving rise to the discovery dispute is the

1  completion of the transcript of the affected portion of the
2  deposition.  For written discovery, the event giving rise to the
3  discovery dispute is the service of the response.  All
4  interrogatories and document production requests must be served by
5  <u>September 10, 2007</u>.
6      2.   Plaintiff(s) shall serve on all other parties a list of
7  expert witnesses whom Plaintiff(s) expect(s) to call at trial by
8  <u>January 7, 2008</u>.  Defendant(s) shall serve on Plaintiff(s) a list
9  of expert witnesses Defendant(s) expect(s) to call at trial by
10 <u>February 18, 2008</u>.  Each party may supplement its designation in
11 response to the other party's designation no later than <u>March 31,</u>
12 <u>2008</u>.  The parties must identify any person who may be used to
13 present evidence pursuant to Rules 702, 703 or 705 of the Federal
14 Rules of Evidence.  This requirement is not limited to retained
15 experts.  The designation(s) shall comply with rule 26(a)(2) of the
16 Federal Rules of Civil Procedure and be accompanied by a written
17 report prepared and signed by each witness, including in-house or
18 other witnesses providing expert testimony.  The failure to fully
19 comply with these requirements may result in the exclusion of
20 expert testimony.
21     3.   Any motion to join other parties, to amend the pleadings
22 or to file additional pleadings shall be filed and heard on or
23 before <u>August 13, 2007</u>.
24     4.   All other pretrial motions must be filed on or before
25 <u>June 2, 2008</u>.  Please be advised that counsel for the moving party
26 must obtain a motion hearing date from the law clerk of the judge
27 who will hear the motion.  **Be further advised that the period of**
28 **time between the date you request a motion date and the hearing**

1  **date may vary from one district judge to another.  Please plan
2  accordingly.** For example, you should contact the judge's law clerk
3  in advance of the motion cutoff to calendar the motion.  Failure to
4  timely request a motion date may result in the motion not being
5  heard.
6      Questions regarding this case should be directed to the
7  judge's law clerk.  The Court draws the parties' attention to Local
8  Rule 7.1(e)(4) which requires that the parties allot <u>additional
9  time for service of motion papers by mail</u>.  Papers not complying
10 with this rule shall not be accepted for filing.
11     Briefs or memoranda in support of or in opposition to any
12 pending motion shall not exceed twenty-five (25) pages in length
13 without leave of the judge who will hear the motion.  No reply
14 memorandum shall exceed ten (10) pages without leave of the judge
15 who will hear the motion.
16     5.   Further settlement conferences shall be held at
17 appropriate intervals during the course of the litigation in the
18 chambers of Judge Ruben B. Brooks.  A telephonic, attorneys-only
19 settlement conference is set for January 19, 2007, at 8:00 a.m.
20 Counsel for Plaintiff is to initiate the call.  A settlement
21 conference is also set for February 7, 2007, at 8:30 a.m.  **All
22 parties and counsel shall be present at the conference in Judge
23 Brooks's chambers, 940 Front Street, Room 1185.  Parties other than
24 individuals shall bring a non-lawyer representative with complete
25 authority to enter into a binding settlement <u>and</u> a claims adjuster,
26 if appropriate.** A mandatory settlement conference date will be set
27 at one of the scheduled settlement conferences.
28

1    All parties, claims adjusters for insured Defendants and non-
2 lawyer representatives with complete authority to enter into a
3 binding settlement, as well as the principal attorneys responsible
4 for the litigation, must be present and legally and factually
5 prepared to discuss and resolve the case at the mandatory
6 settlement conference and at all settlement conferences.  Retained
7 outside corporate counsel shall not appear on behalf of a
8 corporation as the party representative who has the authority to
9 negotiate and enter into a settlement.  Failure to attend or obtain
10 proper excuse will be considered grounds for sanctions.

11    If Plaintiff is incarcerated in a penal institution or other
12 facility, the Plaintiff's presence is not required at conferences
13 before Judge Brooks, and the Plaintiff may participate by
14 telephone.  In that case, defense counsel is to coordinate the
15 Plaintiff's appearance by telephone.

16    **Confidential written settlement statements for the mandatory**
17 **settlement conference shall be lodged directly in the chambers of**
18 **Judge Brooks no later than five court days before the mandatory**
19 **settlement conference.**  The statements need not be filed with the
20 Clerk of the Court or served on opposing counsel.  The statements
21 will not become part of the court file and will be returned at the
22 end of the conference upon request.  Written statements may be
23 lodged with Judge Brooks either by mail or in person.

24    Any statement submitted should avoid arguing the case.
25 Instead, the statement should include a neutral factual statement
26 of the case, identify controlling legal issues, and concisely set
27 out issues of liability and damages, including any settlement
28

demands and offers to date and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

6. Counsel shall serve on each other and file with the Clerk of the Court their memoranda of contentions of fact and law in compliance with Local Rule 16.1(f)(2) on or before September 22, 2008. On or before this date, all parties or their counsel shall also fully comply with the pretrial disclosure requirements of rule 26(a)(3) of the Federal Rules of Civil Procedure.

7. Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before September 29, 2008. The parties shall meet and confer and prepare a proposed pretrial order. A personal meeting between an incarcerated Plaintiff, acting in pro per, and defense counsel is not required.

At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c). Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

8. The proposed final pretrial conference order, including objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served and lodged with the Clerk of the Court on or before October 6, 2008, and shall be in the form

1 prescribed in and in compliance with Local Rule 16.1(f)(6).
2 Counsel shall also bring a court copy of the pretrial order to the
3 pretrial conference.
4     9.   The final pretrial conference shall be held before the
5 Honorable Marilyn L. Huff, United States District Judge, on <u>October
6 20, 2008, at 10:30 a.m.</u>
7     10.  The dates and times set forth herein will not be modified
8 except for good cause shown.
9     11.  Plaintiff's(s') counsel shall serve a copy of this order
10 on all parties that enter this case hereafter.

12 Dated:   November 20, 2006        _____
13                                   RUBEN B. BROOKS
                                     United States Magistrate Judge

15 cc:   All Parties of Record

## **CASE RESOLUTION GUIDELINES**

**Attendance**

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case.  Failure to attend or obtain proper excuse will be considered grounds for sanctions.

**Case Resolution Conference Briefs**

Written statements shall be lodged in the chambers of Judge Brooks no later than five court days before the scheduled conference.  The statements will not become part of the court file and will be returned at the end of the conference.  Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case.  Instead the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.