LATHAM & WATKINS LLP
Peter H. Benzian (Cal. Bar No. 047456)
Robert J. Blair (Cal. Bar No. 199164)
Dennis M. Klein (Cal. Bar No. 216419)
Robert G. Knaier (Cal. Bar No. 234466)
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: (619) 236-1234
Facsimile: (619) 696-7419

Attorneys for PETCO Animal Supplies, Inc. and Individual Defendants Rodney Carter, Robert Brann, Julian Day, Brian Devine, Bruce Hall, James Myers and Razia Richter

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETCO ANIMAL SUPPLIES INC. SECURITIES LITIGATION | Case No. 05-CV-0823-H (RBB)<br><br><u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO RESPOND TO INTERROGATORIES**<br><br>The Honorable Reuben B. Brooks<br>Courtroom: B<br>Hearing Date: January 7, 2007<br>Time: 10:00 a.m. |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I. INTRODUCTION

Plaintiff Plumbers and Pipefitters Union Local 51 Pension Fund ("Plaintiff") has refused to respond to any of the interrogatories served on it by defendants Brian Devine, Robert Brann, Rodney Carter, Julian Day, Bruce Hall, James Myers, and Razia Richter ("Individual Defendants"). Plaintiff contends that each "side" in a lawsuit is limited to serving 25 interrogatories, and thus that because a *separate defendant*, PETCO Animal Supplies, Inc. ("PETCO"), served 25 interrogatories on Plaintiff, each Individual Defendant forfeited his or her right to do so. This, however, ignores the plain language of Federal Rule of Civil Procedure ("Rule") 33, which unambiguously states that "*any party* may serve upon any other party written interrogatories, not exceeding 25 in number . . . ." Fed. R. Civ. Proc. 33(a) (emphasis added). Thus, Plaintiff's misreading of the law notwithstanding, each Individual Defendant – as a separate "party" – is entitled to serve up to 25 interrogatories on Plaintiff.

In seeking to avoid the clear language of Rule 33(a), Plaintiff further contends that the separate identities and interests of the Individual Defendants should simply be *ignored* – and they should be treated as a single "party" subject to a 25-interrogatory limit. This, however, distorts the procedural and substantive aspects of this case. Each Defendant in this action is a distinct party, entitled, for example, to separately move for summary judgment. Indeed, the ability of any given Defendant to obtain summary judgment or otherwise mount a defense necessarily turns on highly individualized legal and factual determinations. Thus, fairness demands that each Defendant be permitted to exercise his, her, or its right to pursue discovery and establish the basis for a defense. Therefore, the Individual Defendants respectfully request that the Court order Plaintiff to respond to each interrogatory served.

## II. FACTS AND BACKGROUND

Individual Defendants are current or former officers or directors of PETCO. On October 17, 2005, Plaintiff served its Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"). In the Complaint, Plaintiff pleads various causes of action against each Individual Defendant, including claimed violations of S.E.C. Rule 10b-5. See Complaint ¶¶ 322-32. Plaintiff also alleges "insider trading" claims against some – but not all –

of the Individual Defendants (excepting for Julian Day and Rodney Carter). Id. ¶¶ 333-43.

On September 10, 2007, PETCO served Plaintiff with a set of 25 interrogatories, seeking information relevant to its defense. Some of PETCO's interrogatories inquire into the basis for Plaintiff's factual allegations against the Individual Defendants, in order to determine the extent to which Plaintiff may attempt to attribute the Individual Defendants' conduct to PETCO. Other of PETCO's interrogatories seek information generally applicable to all defendants in this action, such as the identity of the "Confidential Witnesses" referred to in the Complaint; details of communications among class members; evidence supporting various allegations found in the Complaint that PETCO's financial statements had been misrepresented in some way; and any evidence that any Defendant acted with a state of mind sufficient to impose liability on PETCO. See Declaration of Peter Benzian ("Benzian Decl.") ¶ 3.[1]

Also on September 10, 2007, each Individual Defendant separately served a set of 17 interrogatories on Plaintiff, seeking information specifically needed for his or her defense. For example, each Individual Defendant requested that Plaintiff identify, *with respect to that Defendant*, any materially false or misleading communications Plaintiff contends were made by that Defendant; any material information that Plaintiff contends the Defendant in question should have, but did not, disclose to PETCO shareholders; any evidence that the Defendant in question made a materially false or misleading communication with knowledge of its falsity or with reckless disregard of its truth; any evidence that Plaintiff relied on that Defendant's allegedly materially false or misleading communication in deciding to buy, sell, or hold PETCO securities; and any evidence that the Defendant in question purchased or sold PETCO securities while in possession of material adverse facts regarding PETCO's financial condition that were not disclosed to the public at the time of the transaction. See Exh. A to Benzian Decl.

On October 10, 2007, Plaintiff refused to provide any substantive responses to the Individual Defendants' interrogatories. Plaintiff objected that each interrogatory served by each

---

[1] Due to page limitations set forth in the Court's October 29, 2007 Order regarding discovery motions, PETCO's interrogatories are not attached to this Motion. If the Court would like to review those interrogatories, counsel for the Individual Defendants can provide them.

Individual Defendant "violates Federal Rule of Civil Procedure 33(a) by exceeding the 25 interrogatory limit without leave of court or written stipulation." See Exh. B to Benzian Decl. On October 24, 2007, attorneys for Plaintiff and the Individual Defendants discussed these interrogatories by telephone. During that telephone conversation, Plaintiff's counsel confirmed that Plaintiff refused to provide any substantive responses to the Individual Defendants' interrogatories, on the ground that they were in excess of the number permitted by the Federal Rules of Civil Procedure. See Decl. of Robert Knaier ("Knaier Decl.") ¶ 2. Attorneys for the Individual Defendants agreed to provide Plaintiff's counsel with legal authority supporting the right of each Individual Defendant to serve his or her own set of interrogatories. Id.

Plaintiff's counsel memorialized the October 24 telephone call with Defendants' counsel in a letter dated October 29, 2007. See Exh. A to Knaier Decl. In that letter, Plaintiff's counsel again confirmed that Plaintiff refused to respond to the Individual Defendants' interrogatories on the ground that "each party is entitled to no more than 25 interrogatories." Id. Defendants' counsel responded in a letter dated October 30, 2007, demonstrating that under the plain language of Rule 33, as well as substantial case law and secondary material interpreting that Rule, *each party* to an action is entitled to serve on *any other party* a set of interrogatories not to exceed 25 in number. See Exh. B to Knaier Decl. On November 2, 2007, and again on November 13, 2007, counsel for Plaintiff and the Individual Defendants discussed the Individual Defendants' interrogatories. See Knaier Decl. ¶ 3. Plaintiff continued to refuse to provide substantive responses to these interrogatories. Id. Thus, on November 14, 2007, Defendants' counsel informed Plaintiff's counsel that the Individual Defendants intended to file the present motion. See Knaier Decl. ¶ 4.

## III. ARGUMENT

It is well-recognized that "[t]he party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward." 21X Capital Ltd. v. Werra, No. C06-04135 JW (HRL), 2007 WL 2852367, *2 (N.D. Cal. Oct. 2, 2007). Plaintiff cannot carry this burden. In refusing to respond to the Individual Defendants' interrogatories, Plaintiff contends that because *one defendant*, PETCO, served 25 interrogatories on Plaintiff, each *other*

*defendant* is barred from serving his or her own interrogatories. This is incorrect. First, the plain language of Rule 33 makes it clear that "*any party* may serve upon any other party written interrogatories, not exceeding 25 in number . . . ." Fed. R. Civ. Proc. 33(a) (emphasis added). This is no less true when there are multiple parties on each "side" of an action; each "party" has the right to serve up to 25 interrogatories on each other party. See Haig, Business & Commercial Litigation in Federal Courts § 23:16 (2d ed. 2005) ("The limit is 25 interrogatories by each party to each other party. If there are two defendants adverse to a single plaintiff, the plaintiff may propound 25 interrogatories to each defendant, for a total of 50 questions.").

Numerous courts have recently reached the same conclusion. For example, in 21X Capital, a plaintiff served separate sets of 25 interrogatories on multiple defendants. 2007 WL 2852367 at *1. The court first noted that, as admitted by the defendants, "a literal reading of [Rule 33(a)] permits any party to serve 25 interrogatories on any other party." Id. Thus, after finding that the defendants were, in fact, distinct "parties," the court "decline[d] to apply a per side limit" to the number of interrogatories the plaintiff could serve, and instead permitted the plaintiff to serve separate sets of interrogatories on each defendant. Id. at *2.[2] Indeed, complex securities cases such as the present one are particularly appropriate circumstances for separate parties to exercise their full opportunities for discovery under the Federal Rules. For example, in In re Independent Energy Solutions, No. 00Civ.6689(SAS) (MHD), 2003 WL 42010 (S.D.N.Y. Jan. 6, 2003), a securities-fraud class action, the court held that, given "the complexity of the case," the plaintiffs had properly served separate sets of interrogatories on separate defendants. Id. at *1 (distinguishing Gucci America, Inc. v. Exclusive Imports, Inc., No. 99 Civ.11490 RCC FM, 2002 WL 1870293 (S.D.N.Y. Aug. 13, 2002)).

And of course, just as one plaintiff may serve multiple sets of interrogatories on

---

[2] See also Joseph v. General Eng'g, No. Civ.2000/48, 2002 WL 31618810, *1 n.1 (D. Virgin Islands April 15, 2002) (noting that the court "would likely have allowed Plaintiffs" to serve more than 25 interrogatories even if defendant had not waived its objections); Epling v. UCB Films, Inc., Nos. 98-4226-RDR, 98-4227-RDR, 00-4062-RDR, 00-4186-RDR, 2001 WL 1249362, *2 (D. Kan. Sept. 27, 2001) (explaining, in consolidated cases, that "each Plaintiff" was entitled to propound his or her own set of interrogatories).

multiple defendants, multiple defendants may serve multiple sets of interrogatories on a single plaintiff. See Rahman v. Smith & Wollensky Rest. Group, No. 06 Civ. 6198(LAK)(JCF), 2007 WL 1521117, *8 n.7 (S.D.N.Y. May 24, 2007) (holding that multiple defendants had each permissibly served separate sets of interrogatories on plaintiff); St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP, 217 F.R.D. 288, 288 (D. Mass. 2003) ("Under the plain terms of Rule 33(a), each defendant could, without leave of court, serve 25 interrogatories on the plaintiff.").[3] Thus, given the number of defendants in this case, the complexity of the issues, and the importance for each defendant of establishing those facts unique to his, her, or its defense, a straightforward reading of Rule 33(a) compels the conclusion that each Individual Defendant is entitled to serve a set of interrogatories on Plaintiff.[4]

Despite the clear language of Rule 33(a), Plaintiff insists that each "side" in this lawsuit should be limited to 25 interrogatories. Plaintiff relies, however, on rare instances in which courts have treated multiple parties as a single party for purposes of interrogatory limits, where the facts indicated no practical differences among those parties, i.e., circumstances in which parties are merely "nominally separate." Vinton v. Adam Aircraft Indus., Inc., 232 F.R.D. 650, 664 (D. Colo. 2005) (noting that some commentators have suggested that "in *some* instances *nominally separate* parties should be considered one party for purposes of the 25-interrogatory limitation") (quotation marks and citation omitted) (emphasis added). The facts of Vinton reveal, however, why it represents one of these rare circumstances. Significantly, the plaintiff in Vinton had contended that the defendants were "alter egos, and, in essence, should be treated as a single, unified entity." Id. Given that contention, the Vinton court found that the

[3] Indeed, the St. Paul court went so far as to hold that a local rule limiting "the number of interrogatories to 25 for 'each side'" was "unenforceable" insofar as it was inconsistent with Rule 33. 217 F.R.D. at 289.

[4] Plaintiff has suggested that the Court indicated to counsel at the Early Neutral Evaluation Conference ("ENE") that it "believed more than 25 interrogatories were largely unnecessary in a case like this." See Exh. A to Knaier Decl. However, at no time during the ENE did the Court or counsel for the parties discuss the interpretation of Rule 33(a), or whether the Rule limits each "side" to this lawsuit to 25 interrogatories. See Benzian Decl. ¶ 2. At best, the Court and counsel may have discussed whether the number of interrogatories in this matter should be more than is permitted by Rule 33(a). Id. As shown above, that number is 25 interrogatories per "party."

plaintiffs were not entitled to treat the defendants as anything other than merely nominally separate, and thus could not take the inconsistent stance that they needed to serve separate sets of interrogatories on these alter-ego parties. Id.[5]; see also Zito v. Leasecomm Corp., 233 F.R.D. 395, 398-99 (S.D.N.Y. 2006) (noting – in dicta – that multiple parties that are merely "nominally separate" may be limited to a total of 25 interrogatories).

Here, PETCO, Brian Devine, Robert Brann, Rodney Carter, Julian Day, Bruce Hall, James Myers, and Razia Richter are not merely "nominally separate" defendants. They are truly separate parties to this action with separate interests to protect. Each must defend against claims that, to be proven, must demonstrate individualized conduct (such as the making of false or misleading statements), reliance on that individualized conduct, and individualized states of mind sufficient to bring liability.[6] Moreover, Plaintiffs have pleaded distinct and separate causes of action, alleging, for example, insider-trading claims against some, but not all, Individual Defendants. Indeed, the procedural facts of this case clearly draw distinctions among each Defendant's past and future defense. For example, Defendants' Motion to Dismiss the Consolidated Complaint was granted as to some, but not all, of the originally named defendants, indicating the Court's recognition that each Defendant faces unique legal and factual issues. Further, and more significantly in the context of discovery, each Defendant has the right to bring his, her, or its own motion for summary judgment, the determination of which will turn on highly individualized findings – findings of the sort the interrogatories at issue are designed to support.

---

[5] Moreover, the discussion of "nominally separate" parties in Vinton carries questionable weight in light of the fact that, there, the Magistrate Judge had already entered a Scheduling Order "limiting the number of interrogatories to 25 *per side*." 232 F.R.D. at 664 (emphasis added). Thus, the plaintiff's request to be permitted to serve more than 25 interrogatories did not turn on an interpretation of the plaintiff's *right* to do so under Rule 33(a), but rather was in effect a request for reconsideration of the Scheduling Order – the denial of which the court found to be within the Magistrate's discretion. Id. Here, unlike in Vinton, the Individual Defendants are not bound by an order altering the language of Rule 33(a). They thus have a *right* to serve separate sets of interrogatories under that Rule.

[6] See, e.g., In re Homestore.com, Inc. Sec. Litig., 347 F. Supp. 2d 790, 799 (C.D. Cal. 2004) (holding that to "establish a claim under Section 10(b) and Rule 10b-5, Plaintiffs must establish that [a defendant] (1) made a misstatement or omission, (2) of material fact, (3) with scienter, (4) on which the Plaintiffs justifiably relied, (5) that proximately caused injury to Plaintiffs via their investment") (citing Ambassador Hotel Co. v. Wei-Chuan Investment, 189 F.3d 1017, 1025 (9th Cir.1999)).

Defendants are thus not, as was the case in Vinton, a "single, unified entity" for purposes of discovery. Here, as in 21X Capital, the Individual Defendants "served different roles in the company and are, by any account, actually separate individuals." 2007 WL 2852367 at *1. Moreover, that the Individual Defendants may be "similarly situated is insufficient to find [them merely] nominally separate." Id. Indeed, any suggestion that the Individual Defendants should be treated as an indistinguishable group for purposes of discovery is belied by Plaintiff's own conduct: Plaintiff intends to depose, and has sought individualized discovery from, each Individual Defendant.[7] Accordingly, each Defendant in this action has the right to exercise his, her, or its full rights under the Federal Rules – including the right under Rule 33 to propound up to 25 interrogatories without leave of court.

## IV. CONCLUSION

For the foregoing reasons, the Individual Defendants respectfully request that the Court order Plaintiff to provide full, substantive responses to each of the Individual Defendants' interrogatories.

Dated: November 19, 2007

Respectfully submitted,
LATHAM & WATKINS LLP

By: s/ Robert G. Knaier
Robert G. Knaier
Attorneys for PETCO ANIMAL SUPPLIES, INC. and Individual Defendants RODNEY CARTER, ROBERT BRANN, JULIAN DAY, BRIAN DEVINE, BRUCE HALL, JAMES MYERS and RAZIA RICHTER

SD\610133.1

[7] Moreover, responding to the Individual Defendants' interrogatories does not place an undue burden on Plaintiff. Cf. 21X Capital, 2007 WL 2852367, at *2 ("Defendants do not describe a particular hardship or burden in answering [as many as 100] interrogatories . . . ."). Indeed, while Plaintiff's counsel has made vague suggestions that the Individual Defendants' interrogatories are "duplicative" of PETCO's interrogatories, Plaintiff has made no attempt to explain this in any detail. See Knaier Decl. ¶ 2. In any event, these sets of interrogatories are not duplicative, and even if there were some small degree of subject-matter overlap, that would in no way justify Plaintiff's blanket refusal to respond.