COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (111070)
DANIEL S. DROSMAN (200643)
SUSAN G. TAYLOR (190753)
JESSICA T. SHINNEFIELD (234432)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
pcoughlin@csgrr.com
ddrosman@csgrr.com
staylor@csgrr.com
jshinnefield@csgrr.com
– and –
REGINA M. AMES (228363)
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)
rames@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETCO CORPORATION SECURITIES LITIGATION<br>This Document Relates To:<br>ALL ACTIONS. | Master File No. 05-CV-0823-H(RBB)<br>CLASS ACTION<br>PLAINTIFFS' *EX PARTE* APPLICATION FOR CLARIFICATION OF THE NOVEMBER 19, 2007 MINUTE ORDER |

During a November 19, 2007 hearing on several discovery issues, the Court opined that the public has an interest in accessing unredacted versions of the motions and other papers filed in this litigation. The Court then entered a Minute Order on November 19, 2007, holding: "No future motions, oppositions, or replies may be filed under seal." The Protective Order, entered by this Court on November 6, 2006, directs the parties to file documents as part of the public record when the Court refuses to allow a document to be filed under seal: "If a request to file under seal is denied, the document shall be made part of the public record." As a result, plaintiffs intend to file all "future motions, oppositions, or replies" in the public record, regardless of whether these documents quote, refer to or describe documents that defendants or other non-parties have designated confidential. Plaintiffs simply ask for clarification as to whether the Court wishes the parties to continue to abide by the protocol set forth in ¶10 of the Protective Order, entitled "Filing Protected Material," before filing such documents in the public record.[1]

Indeed, the Ninth Circuit also disapproves of filing documents under seal, requiring that the party designating a document as confidential must satisfy its burden "for each particular document" that it seeks to protect from public disclosure:

> ***A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted***. *Id*. at 1210-11 (citing *San Jose Mercury News*, 187 F.3d 1096, 1102); *see also* [*Beckman Indus. v. Int'l*, 966 F.2d 470, 476 (9th Cir. 1992)] ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (internal quotation marks omitted)); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting a protective order to provide "specific demonstrations of

---

[1] Surely plaintiffs are entitled to use – by quoting, describing or referencing – documents and other evidence in their briefs that defendants or other non-parties have marked confidential. After all, documents marked confidential have been the very basis of many of the motions filed to date. Any exclusion of evidence that defendants or other non-parties unilaterally designated confidential is at odds with established Ninth Circuit authority and would deprive plaintiffs of due process. *See* Declaration of Daniel S. Drosman in Support of *Ex Parte* Application for Clarification ("Drosman Decl."). Needless to say, the "***strong presumption in favor of access to court records***" would be rendered meaningless if the litigants were prohibited from using documents that one party unilaterally designated confidential. *See Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (emphasis added). Thus, the only issue is ***how*** briefs or declarations quoting, attaching or referencing documents designated as confidential should be filed – under seal or in the public record – not ***whether*** a party may use these documents in the first instance.

> fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm").

*Foltz*, 331 F.3d at 1130-31 (emphasis added).

Recently, the Honorable Marilyn L. Huff recognized these same principles in refusing to allow a defendant to file documents under seal in a securities fraud class action:

> As the Ninth Circuit has noted, "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This right of access is justified by the interests of citizens in keeping watch on the workings of public agencies. *See id*. Outside of grand jury materials and warrant materials during an investigation, which have traditionally been kept secret, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To overcome this strong presumption, a party seeking to seal a record must show compelling reasons. *See id.* at 1135. Specifically, the party must articulate compelling reasons supported by specific factual findings that outweigh the history of public access and the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178-79. A court must balance the competing interests of the public and the party seeking to file documents under seal. *See id*. at 1179. If after considering these interests the court decides to seal documents, it must base its decision on compelling reasons and it must articulate the factual basis for the ruling without relying on conjecture or hypothesis. *See id*. (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

*In re SeraCare Life Sciences, Inc. Sec. Litig.*, No. 05-CV-2335-H (CAB), 2007 U.S. Dist. LEXIS 19654, at *45-*46 (S.D. Cal. Mar. 19, 2007); *see also In re SeraCare Life Sciences, Inc. Sec. Litig.*, No. 05-CV-2335-H (CAB), Order Denying Motion Allowing Plaintiffs to File Amended Complaint Under Seal (S.D. Cal. June 4, 2007), attached as Ex. 2 to the Drosman Decl.

Thus, plaintiffs respectfully request that the Court clarify whether the parties should continue to abide by the protocol set forth in ¶10 of the Protective Order, entitled "Filing Protected Material," before filing documents containing protected material in the public record.

DATED: November 27, 2007

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
DANIEL S. DROSMAN
SUSAN G. TAYLOR
JESSICA T. SHINNEFIELD

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
REGINA M. AMES
9601 Wilshire Blvd., Suite 510
Los Angeles, CA 90210
Telephone: 310/859-3100
310/278-2148 (fax)

Lead Counsel for Plaintiffs

S:\CasesSD\Petco III\MIS00047467.doc

CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 27, 2007.

s/ DANIEL S. DROSMAN
DANIEL S. DROSMAN

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: ddrosman@csgrr.com

# Mailing Information for a Case 3:05-cv-00823-H-RBB

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Peter H Benzian**
  peter.benzian@lw.com,terri.fife@lw.com
- **Robert J Blair**
  robert.blair@lw.com
- **Daniel S Drosman**
  DanD@csgrr.com,tholindrake@csgrr.com,e_file_sd@csgrr.com
- **Lionel Z Glancy**
  info@glancylaw.com,lglancy@glancylaw.com
- **Dennis M. Klein**
  dennis.klein@lw.com,marina.durazo@lw.com
- **Robert G Knaier**
  Robert.Knaier@lw.com
- **Daniel J Lenerz**
  daniel.lenerz@lw.com,theresa.kaiser@lw.com
- **Elizabeth P Lin**
  elin@milbergweiss.com,lbodenstein@milbergweiss.com,crosete@milbergweiss.com,schang@mill
- **Gwyn Quillen**
  gquillen@agsk.com
- **Darren Jay Robbins**
  e_file_sd@csgrr.com
- **Dominique N Thomas**
  dominique.thomas@bingham.com
- **Ryan T Williams**
  rwilliams@luce.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Edward M Gergosian**

Gergosian and Gralewski
655 West Broadway
Suite 1410
San Diego, CA 92101