LATHAM & WATKINS LLP
Peter H. Benzian (Cal. Bar No. 047456)
Robert J. Blair (Cal. Bar No. 199164)
Dennis M. Klein (Cal. Bar No. 216419)
Daniel J. Lenerz (Cal. Bar No. 226019)
Robert G. Knaier (Cal. Bar No. 234466)
600 West Broadway, Suite 1800
San Diego, California 92101-3375
Telephone: (619) 236-1234
Facsimile: (619) 696-7419

Attorneys for PETCO Animal Supplies, Inc. and Individual Defendants Rodney Carter, Robert Brann, Julian Day, Brian Devine, Bruce Hall, James Myers and Razia Richter

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETCO ANIMAL SUPPLIES INC. SECURITIES LITIGATION | Case No. 05-CV-0823-H (RBB)<br><br>CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR CLARIFICATION OF THE NOVEMBER 19, 2007 MINUTE ORDER** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## I. INTRODUCTION

Defendants PETCO Animal Supplies, Inc. ("PETCO"), Brian Devine, Robert Brann, Rodney Carter, Julian Day, Bruce Hall, James Myers, and Razia Richter ("Defendants") hereby oppose lead plaintiff Plumbers and Pipefitters Union Local 51 Pension Fund's ("Plaintiff") *Ex Parte* Application for Clarification of the November 19, 2007 Minute Order ("Application"). Plaintiff's Application seeks "clarification" of an Order in which the Court held, in part, that "future motions, oppositions, [and] replies" not be filed under seal. See Exh. A to Declaration of Peter Benzian ("Benzian Decl."), filed herewith. Plaintiff states in its Application that, pursuant to its interpretation of the Court's Order, Plaintiff "intend[s] to file all 'future motions, oppositions, or replies' in the public record, regardless of whether these documents quote, refer to or describe documents that defendants or other non-parties have designated confidential." Application at 1.

Plaintiff misrepresents both the language of the Court's Order and the discussion of this issue held on the record at the hearing that formed the basis for the Order. As shown below: (1) Plaintiff is under a continuing obligation to comply with the stipulated protective order in place in this action, in the event it intends to publicly file privileged, protected, or confidential documents; (2) Plaintiff is also under an obligation to comply with the protective order in the event it intends to quote from, summarize or describe privileged, protected, or otherwise confidential material in any public filing; (3) the Court has contemplated that the parties should make efforts to avoid quoting, summarizing or describing any privileged, protected, or otherwise confidential material in any public filing; and (4) to the extent the parties cannot avoid quoting, summarizing or describing privileged, protected, or otherwise confidential material in public filings, they should redact such filings in a manner sufficient to preserve privilege, protection, or confidentiality. Thus, Defendants respectfully request that, to the extent clarification is needed, the Court explain that no party to this action can simply file documents in the public record *without regard* to whether they disclose privileged, protected, or confidential information.

/ / /

## II. FACTS

On November 19, 2007, the Court held a hearing on certain discovery motions filed by the parties ("the November 19 hearing"). Because the parties' motions attached, quoted from or described privileged, protected, or confidential documents, those motions (and their supporting declarations and exhibits) were filed under seal pursuant to Section 10 of the stipulated protective order filed November 6, 2006 ("the Protective Order"). See Benzian Decl. ¶ 2. At the November 19 hearing, however, the Court explained to the parties that they should avoid, where possible, filing completely redacted motion, opposition, and reply papers. Id.

The Court and the parties then discussed the issue of filing documents under seal, and contemplated that while the parties may continue to file privileged, protected, or otherwise confidential documents under seal (including, if needed, declarations to which they are attached), motion, opposition, and reply papers should, to the extent possible, be public documents. Id. The Court and the parties thus agreed that future motion, opposition, and reply papers should not be filed in a completely redacted form. Id. Recognizing the need to shield privileged, protected, or otherwise confidential information from disclosure, however, the discussion at the November 19 hearing indicated that the parties should henceforth attempt to draft motion, opposition, and reply papers in a manner that would not reveal privileged, protected, or confidential information – and that to the extent this was not possible, the parties should redact such information as needed to preserve that privilege, protection, or confidentiality. Id. Consistent with this discussion, the Court's subsequent Minute Order ("the November 19 Order" or "Order") stated that "[n]o future motions, oppositions, or replies may be filed under seal" – but also that "[d]eclarations and exhibits may be filed under seal . . . when necessary to maintain privilege or confidentiality pursuant to the stipulated protective order." See Exh. A to Benzian Decl.

On November 27, 2007, Plaintiff filed its Application seeking "clarification" of the November 19 Order. Specifically, Plaintiff has stated that, under its interpretation of the Order, it "intend[s] to file all 'future motions, oppositions, or replies' in the public record, regardless of whether these documents quote, refer to or describe documents that defendants or other non-parties have designated confidential." Application at 1. Given this intention, Plaintiff

"ask[s] for clarification as to whether the Court wishes the parties to continue to abide by the protocol set forth in ¶10 of the Protective Order." Id.

**III. DISCUSSION**

Plaintiff's Application *ignores* the language of the November 19 Order, the discussion of this issue at the November 19 hearing, and the language of the Protective Order. Although Plaintiff's Application purports to seek clarification of whether "the Court wishes the parties to continue to abide by the protocol set forth in ¶10 of the Protective Order," the November 19 Order unambiguously states that "[d]eclarations and exhibits may be filed under seal . . . when necessary to maintain privilege or confidentiality *pursuant to the stipulated protective order*." See Exh. A to Benzian Decl. (emphasis added). Thus, at the very least, if Plaintiff intends to submit any privileged, protected, or otherwise confidential material with any public filing – including any opposition to the November 19 Order – it must first comply with the notice provisions in Section 10 of the Protective Order. That is, Plaintiff must first give notice to Defendants of those documents it intends to include with its filing, and, once Defendants inform Plaintiff whether any of those documents should be filed under seal, Plaintiff must apply to the Court for permission to do so.

Further, even if Plaintiff does not intend to attach privileged or confidential documents to a public filing, but instead intends only to "quote from, describe or reference" such documents, it is not free to do so without regard to the privileged, protected, or confidential contents of those documents. At the November 19 hearing, the Court explained that while the parties should not file completely redacted motion, opposition, and reply papers, all filings should be crafted such as to avoid revealing privileged, protected, or confidential information. See Benzian Decl. ¶ 2. Defendants interpreted the Court's comments as contemplating that the parties would redact such information if it were not possible to avoid including it in a brief. Id. Thus, not only is Plaintiff not entitled to publicly file privileged, protected, or confidential documents – it also is not entitled to publicly "quote from, describe or reference" such documents.

Indeed, that Plaintiff is not entitled to quote, describe or summarize privileged,

protected, or otherwise confidential information within a publicly filed document is reflected in the language of the Protective Order itself. Section 10 of the Protective Order states that "a Party may not file in the public record in this action any Protected Material in any form, *whether contained or summarized within the body of any document, pleading, brief or writing or attached thereto*." Stipulation and Protective Order, filed November 11, 2006, at p. 8. The Protective Order goes on to explain that "[i]f a Party wishes to file a document that has been designated 'Confidential,' *or if a party wishes to refer in a memorandum or other filing to information so designated by another party*," that party must abide by the provisions of the Protective Order. Id. Thus, Plaintiff may not "file all 'future motions, oppositions, or replies' in the public record, regardless of whether these documents quote, refer to or describe documents that defendants or other non-parties have designated confidential." Application at 1. While Defendants understand and agree with the Court's concern to ensure that litigation be conducted in the public eye, Defendants assert that Plaintiff should comply with the November 19 Order, the discussion of this issue that occurred at the November 19 hearing, and the Protective Order.[1]

Plaintiff's citation to authority indicating that courts disfavor filing documents under seal does little more than demonstrate Plaintiff's disregard of the November 19 Order and the November 19 hearing – and is a distraction from the fact that Plaintiff appears intent on improperly disclosing privileged or protected material. See Application at 1-2. First, the discussion at the November 19 hearing made it clear that motion, opposition, and reply papers would henceforth be publicly filed to the extent possible – and that filing under seal, or redaction of documents, would be reserved for instances where needed. Thus, the Court's November 19 Order – and the November 19 hearing underlying that Order – are entirely consistent with Plaintiff's cited authority. Second, while Plaintiff makes much of the obligation to demonstrate that particular documents should be filed under seal, Plaintiff notes no instance in which Defendants have failed to make such a showing. Indeed, the Court has *already held* that the

---

[1] Indeed, consistent with the discussion at the November 19 hearing, the Protective Order also states that publicly filed documents containing confidential information "may be redacted to eliminate confidential material." Protective Order at p. 8a

documents Plaintiff now wishes to file, quote from, describe or summarize in connection with its contemplated objections to the November 19 Order are privileged or protected – and thus shielded from public disclosure. In any event, Section 10 of the Protective Order already establishes a procedure for determining whether any given document should be filed under seal. In advance of any future filing of potentially privileged or confidential information, Plaintiff must serve notice of its intent on Defendant. Defendant then has five days to respond to Plaintiff's notice of intent, to indicate whether it demands that any particular documents be filed under seal. If Plaintiff believes, in any given instance, that Defendants have incorrectly demanded that a document be filed under seal – or otherwise not quoted from, described, or referred to in a public filing – Plaintiff may indicate as much in its application to the Court for permission to file under seal.

Finally, it should be noted that Plaintiff's Application – seeking as it does a clarification of its obligations regarding the use of privileged, protected, or confidential documents in the context of a public filing – reflects Plaintiff's refusal, in the first instance, to comply with the November 19 Order. Despite the Court's holding that certain documents currently in Plaintiff's possession are attorney-client privileged or protected as attorney work product, see Exhibit A to Benzian Decl., Plaintiff has refused to return those documents to Defendants or to destroy all copies in its possession. On November 23, 2007, Defendants' counsel requested that Plaintiff's counsel return all documents held to be privileged or protected. See Benzian Decl ¶ 4. Plaintiff's counsel refused, claiming the right to maintain possession of those documents pending an appeal of the November 19 Order. Id. The law is clear, however, that Plaintiff is obligated to comply with the Court's order unless a stay is entered. See Maness v. Meyers, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal."). This is true even if Plaintiff files either a motion for a stay or objections to the Court's order. See American Rock Salt Co. v. Norfolk S. Corp., 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005) ("[A]lthough defendants moved for a stay before this Court, none was granted. Merely filing a motion for such relief does not excuse the moving party from fully complying

with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order."); 14 James Wm. Moore et al., Moore's Federal Practice – Civil § 72.10[4] (2007) ("[T]he filing of an objection [to a magistrate judge's pretrial order] does not automatically stay operation of the order. Decisions by a magistrate judge on nondispositive matters are effective unless overturned by a district judge."). Plaintiff has not sought a stay of the November 19 Order, has refused to comply with that Order – and now appears intent on further violating it by using in a public filing documents determined in that Order to be privileged or protected. Thus, Plaintiff's request for clarification of one part of the November 19 Order ironically stems from Plaintiff's apparent intention to violate another part of that Order.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court clarify the November 19 Order by explaining:

(1) To the extent the parties intend to submit privileged, protected, or otherwise confidential documents with any public filing, they must first comply with the provisions of Section 10 of the Protective Order;

(2) To the extent the parties intend to quote from, summarize or describe privileged, protected, or otherwise confidential material in any public filing, they must first comply with the provisions of Section 10 of the Protective Order;

(3) The parties should make every effort to avoid quoting, summarizing or describing privileged, protected, or otherwise confidential material in any public filing;

(4) To the extent the parties cannot avoid quoting, summarizing or describing privileged, protected, or otherwise confidential material in any public filings, they should redact such filings in a manner sufficient to preserve privilege, protection, or confidentiality; and

(5) Plaintiff is currently under an obligation to immediately destroy or return to Defendants all copies of: (a) the Final Report of Investigation of Paul,

Hastings, Janofsky & Walker LLP to the Audit Committee of the Board of Directors of PETCO Animal Supplies, Inc.; (b) interview memoranda prepared by Paul Hastings in connection with its investigation (with the exception of the memoranda of Jim Myers' interview); (c) the "Control Environment Survey Timeline" attached to Paul Hastings' Report; and (d) e-mails containing Razia Richter's handwritten notes, bearing the bates numbers PETCO 0009090 and PETCO 0009277.

Dated: November 28, 2007

Respectfully submitted,
LATHAM & WATKINS LLP

By: s/ Robert G. Knaier
Robert G. Knaier
Attorneys for PETCO ANIMAL SUPPLIES, INC. and Individual Defendants RODNEY CARTER, ROBERT BRANN, JULIAN DAY, BRIAN DEVINE, BRUCE HALL, JAMES MYERS and RAZIA RICHTER

SD\611402.1