UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PETCO CORPORATION SECURITIES LITIGATION | Civil No. 05cv0823 H(RBB) |
| | CLASS ACTION |
| This Document Relates To: | ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR CLARIFICATION OF THE NOVEMBER 19, 2007, MINUTE ORDER [DOC. NO. 242] REGARDING SEALED DOCUMENTS |
| ALL ACTIONS. | |

On November 27, 2007, Plaintiffs filed an Ex Parte Application for Clarification of this Court's November 19, 2007, Minute Order [doc. no. 242]. Defendants, on November 28, 2007, filed their Opposition to Plaintiffs' Ex Parte Application [doc. no. 244]. With considerable dismay, the Court feels compelled to clarify its November 19, 2007, order. The need for the order, which Plaintiffs' counsel now considers a "draconian restriction," was discussed with all counsel and entered without objection, after considering their input.

The Court held a hearing on November 19, 2007, on three motions brought by these parties. Plaintiffs filed Motions Challenging PETCO Animal Supplies, Inc.'s Designation of Documents

as Privileged or Protected [doc. no. 177] and Challenging KPMG LLP's Designation of Documents as Privileged or Protected and Seeking a Sufficiently Detailed Privilege Log [doc. no. 180]. Defendants filed a Motion to Quash Nonparty Subpoena or for Protective Order [doc. no. 175]. Opposition and Reply Memoranda were filed. At the hearing on the motions, the Court gave its tentative ruling, heard argument from counsel, and issued its final ruling.

At the conclusion of the proceedings, the Court expressed its concern that counsel for both Plaintiffs, Defendants, and third parties failed to comply with the provisions and spirit of the Stipulated Protective Order this Court approved, which was entered on November 8, 2006 [doc. no. 76]. Paragraph ten of the Stipulated Protective Order governs "Filing Protected Material." The Court amended the paragraph to include the following provision:

> Whenever the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information shall be filed and made part of the public record. <u>The item may be redacted to eliminate confidential material from the public document</u>. The public document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

(Doc. No. 76 (emphasis added).)

In spite of the clear language of the quoted provision, the Court noted that counsel were filing "Redacted" documents that contained no more than the document title and an attorney signature. (<u>See</u>, <u>e.g.</u>, Doc. Nos. 176, 196.) The Court commented that many of the sealed arguments filed by the parties appeared to contain little, if any, information that was designated

confidential and entitled to be included in a sealed filing. Furthermore, the public, redacted filings were not public versions of the documents with only confidential information redacted.

The Court indicated that the parties should attempt to draft their respective motions, oppositions, and reply memoranda without any confidential information quoted or described in the body of the document and in a manner that is consistent with the protective order agreed to by the parties. Counsel should make every effort to draft documents that are part of the public record and avoid quoting, summarizing or describing privileged, protected, or otherwise confidential material in any public filing. If counsel believe that confidential documents, declarations, or other items need to be considered by the Court, the Stipulated Protective Order should be followed. To the extent counsel finds that they are incapable of drafting a motion, opposition or reply memorandum that does not contain confidential information, the attorney may ask that the document be filed under seal pursuant to the terms of the Stipulated Protective Order.

Counsel, however, is admonished that a public version of the sealed filing must also be prepared and filed. The public version of the document should only contain the minimum amount of redaction necessary to protect confidentiality. The parties should redact those filings in a manner sufficient to preserve the privilege, protection, or confidentiality.

To the extent the parties intend to submit privileged, protected, or otherwise confidential documents with any public filing, they must first comply with the provisions of section ten of the Stipulated Protective Order. If they intend to quote from,

summarize or describe privileged, protected, or otherwise confidential material in any public filing, they must also comply with the provisions of section ten of the Stipulated Protective Order.

Unless granted relief by the Court, Plaintiffs remain under an obligation to comply with all outstanding orders.

DATED: November 30, 2007

Ruben B. Brooks, Magistrate Judge
United States District Court

cc:
Judge Huff
All Parties of Record