COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN (111070)
KEITH F. PARK (54275)
DANIEL S. DROSMAN (200643)
SCOTT H. SAHAM (188355)
SHAWN M. HAYS (137971)
JESSICA T. SHINNEFIELD (234432)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
pcoughlin@csgrr.com
keithp@csgrr.com
ddrosman@csgrr.com
scotts@csgrr.com
shays@csgrr.com
jshinnefield@csgrr.com
       – and –
REGINA M. AMES (228363)
9601 Wilshire Blvd., Suite 510
Los Angeles, CA  90210
Telephone:  310/859-3100
310/278-2148 (fax)
rames@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re PETCO CORPORATION SECURITIES LITIGATION | Master File No. 05-CV-0823-H(RBB) |
|---|---|
| | CLASS ACTION |
| This Document Relates To: | STIPULATION OF SETTLEMENT |
| ALL ACTIONS. | |

1    This Stipulation of Settlement dated as of June 5, 2008 (the "Stipulation"), is made and
2  entered into by and among the following Settling Parties (as defined further in §IV hereof) to the
3  above-entitled Litigation: (i) the Lead Plaintiff (on behalf of itself and each of the Class Members),
4  by and through its counsel of record in the Litigation; and (ii) the Defendants, by and through their
5  counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally
6  and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to
7  the terms and conditions hereof.

8  **I.    THE LITIGATION**

9    On or after April 18, 2005, actions were filed in the United States District Court for the
10  Southern District of California (the "Court") as securities class actions on behalf of purchasers of
11  PETCO Animal Supplies, Inc. ("PETCO") common stock during a defined period of time.

12    These actions were consolidated by an Order filed on August 17, 2005. The consolidated
13  actions are referred to herein collectively as the "Litigation." On August 17, 2005, the Court
14  appointed Plumbers and Pipefitters Local 51 Pension Fund as lead plaintiff.

15    The operative complaint in this Litigation is the Consolidated Complaint for Violations of the
16  Federal Securities Laws (the "Complaint"), filed October 17, 2005. The Complaint alleges
17  violations of §§10(b), 20A and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5
18  promulgated thereunder on behalf of a class of purchasers of PETCO common stock between August
19  18, 2004 to August 25, 2005, inclusive.

20    Defendants moved to dismiss the Complaint. The Court held a hearing on the motions on
21  May 22, 2006. On August 1, 2006, the Court issued an Order Granting in Part and Denying in Part
22  Motions to Dismiss Consolidated Complaint.

23    On April 19, 2007, the Court issued an Order certifying a class of purchasers of PETCO
24  common stock between November 18, 2004 and April 15, 2005, inclusive, and appointing the
25  Plumbers and Pipefitters Local 51 Pension Fund as the class representative.

26    During discovery in the Litigation, Plaintiff's Lead Counsel reviewed and analyzed roughly 7
27  million pages of documents and took or defended more than 40 depositions.

28

1    On February 25, 2008, Defendants filed a motion for summary judgment. On April 21, 2008,

2  the Court held a hearing on Defendants' motion for summary judgment. On April 29, 2008, the

3  Court issued an Order Granting in Part and Denying in Part PETCO Animal Supplies, Inc.'s and

4  Individual Defendants' Motion for Summary Judgment.

5    At the time that settlement was reached, the Court had set a trial date of July 8, 2008.

6  **II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

7    Each Defendant has denied and continues to deny each and all of the claims and contentions

8  alleged in the Litigation against it or him. Each Defendant has expressly denied and continues to

9  deny all charges of wrongdoing or liability against it or him arising out of any of the conduct,

10  statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The

11  Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiff

12  or the Class have suffered damage, that the price of PETCO common stock was artificially inflated

13  by reason of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or

14  the Class were harmed by the conduct alleged in the Complaint.

15    Nonetheless, the Defendants have concluded that further conduct of the Litigation would be

16  protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the

17  manner and upon the terms and conditions set forth in this Stipulation. The Defendants also have

18  taken into account the uncertainty and risks inherent in any litigation, especially in complex cases

19  like the Litigation. The Defendants have, therefore, determined that it is desirable and beneficial to

20  them that the Litigation be settled in the manner and upon the terms and conditions set forth in this

21  Stipulation.

22  **III.   CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF
        SETTLEMENT**

23

24    The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the

25  evidence developed to date supports the claims. However, counsel for the Lead Plaintiff recognize

26  and acknowledge the expense and length of continued proceedings necessary to prosecute the

27  Litigation against the Defendants through trial and through appeals. Lead Plaintiff also has taken

28  into account the uncertain outcome and the risk of any litigation, especially in complex actions such

as the Litigation, and the difficulties and delays inherent in such litigation. Lead Plaintiff also is mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, counsel for the Lead Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Lead Plaintiff (for itself and the Class Members) and the Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

**1.    Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons who purchased or otherwise acquired the common stock of PETCO Animal Supplies, Inc. during the period from November 18, 2004 through April 15, 2005, inclusive (the "Class Period"), excluding any Person who is or was named as a defendant in the Litigation, members of the immediate family of the defendants, any entity in which any defendant has a controlling interest and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party.

1.4    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.3 above and who did not or does not request exclusion from the Class.

1     1.5    "Class Period" means the period commencing on November 18, 2004 through and

2  including April 15, 2005.

3     1.6    "Defendants" means PETCO Animal Supplies, Inc. ("PETCO"), Razia Richter and

4  Julian Day.

5     1.7    "Effective Date" means the first date by which all of the events and conditions

6  specified in ¶7.1 of the Stipulation have been met and have occurred.

7     1.8    "Escrow Agent" means the law firm of Coughlin Stoia Geller Rudman & Robbins

8  LLP or its successor(s).  The rights and responsibilities of the Escrow Agent shall not be assigned

9  except upon reasonable notice to Defendants' counsel and approval of the Court.

10    1.9    "Final" means when the last of the following with respect to the Judgment approving

11 the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration

12 of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure

13 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which

14 to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to

15 alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a

16 manner as to permit the consummation of the settlement substantially in accordance with the terms

17 and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any

18 petition for a writ of certiorari or other writ that may be filed in connection with approval or

19 disapproval of this settlement, but shall not include any appeal which concerns only the issue of

20 attorney fees and expenses or any Plan of Allocation of the Settlement Fund, as hereinafter defined.

21    1.10   "Judgment" means the judgment to be rendered by the Court, substantially in the

22 form attached hereto as Exhibit B.

23    1.11   "Lead Plaintiff" means the Plumbers and Pipefitters Local 51 Pension Fund.

24    1.12   "Person" means an individual, corporation, partnership, limited partnership,

25 association, joint stock company, estate, legal representative, trust, unincorporated association,

26 government or any political subdivision or agency thereof, and any business or legal entity and their

27 spouses, heirs, predecessors, successors, representatives, or assignees.

28

1    1.13    "Plaintiff's Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP,

2  Patrick J. Coughlin, Keith F. Park, Daniel S. Drosman, 655 West Broadway, Suite 1900, San Diego,

3  CA 92101.

4    1.14    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund

5  whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or

6  provision for expenses of notice and administration of the settlement, Taxes and Tax Expenses and

7  such attorney fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of

8  Allocation is not part of the Stipulation and neither Defendants nor the Related Parties shall have any

9  responsibility or liability with respect thereto.

10    1.15    "Related Parties" means each of the past and/or present directors, officers, employees,

11  partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, advisers, consultants,

12  accountants or auditors, personal or legal representatives, predecessors, successors, parents,

13  subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related and/or affiliated entities of

14  PETCO, any Person who is or was named as a defendant in the Litigation, any entity in which any

15  Person who is or was named as a defendant in the Litigation has a controlling interest, any members

16  of any individual defendant's immediate family, and/or any trust of which any individual defendant

17  is the settlor or which is for the benefit of any individual defendant's family.  Without limiting the

18  definition of Related Parties, the definition of Related Parties shall include Leonard Green &

19  Partners, L.P., TPG Capital, L.P., their partners, employees and affiliated entities.

20    1.16    "Released Claims" means any and all claims (including "Unknown Claims" as

21  defined below) arising out of, in connection with, or in any way related to, directly or indirectly, both

22  the purchase or other acquisition of PETCO common stock during the Class Period and the acts,

23  facts, statements or omissions that were or could have been alleged in the Litigation.  Released

24  Claims shall not include any of the claims asserted in *In re Petco Animal Supplies, Inc.*, Case No.

25  GIC 869399 (San Diego Superior Court).

26    1.17    "Released Persons" means each and all of the Defendants and their Related Parties.

27    1.18    "Settlement Fund" means Twenty Million Two Hundred Fifty Thousand

28  ($20,250,000), plus all interest earned thereon.

1    1.19   "Settling Parties" means, collectively, the Defendants and the Lead Plaintiff on behalf

2   of themselves and the Members of the Class.

3    1.20   "Taxes" means federal, state, local and non-U.S. income and other taxes, together

4   with any interest, penalties or additions to tax imposed with respect thereto.

5    1.21   "Tax Expenses" means expenses incurred in connection with the implementation of

6   ¶2.7, including reasonable expenses of tax attorneys and accountants retained by the Escrow Agent.

7    1.22   "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Class

8   Member does not know or suspect to exist in his, her or its favor at the time of the release of the

9   Released Persons which, if known by him, her or it, might have affected his, her or its settlement

10   with and release of the Released Persons, or might have affected his, her or its decision not to object

11   to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and

12   agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive, and each of the Class

13   Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived

14   the provisions, rights and benefits of California Civil Code §1542, which provides:

15   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH**
**THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR**
16   **HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**
**KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**
17   **OR HER SETTLEMENT WITH THE DEBTOR.**

18   The Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have,

19   and by operation of the Judgment shall have, expressly waived any and all provisions, rights and

20   benefits conferred by any law of any state or territory of the United States, or principle of common

21   law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiff

22   and Class Members may hereafter discover facts in addition to or different from those which he, she

23   or it now knows or believes to be true with respect to the subject matter of the Released Claims, but

24   the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed

25   to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released

26   any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-

27   contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon

28   any theory of law or equity now existing or coming into existence in the future, including, but not

1    limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty,

2    law or rule, without regard to the subsequent discovery or existence of such different or additional

3    facts. The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the

4    Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key

5    element of the settlement of which this release is a part.

6        **2.    The Settlement**

7            **a.    The Settlement Fund**

8        2.1    The principal amount of the Settlement Fund, $20,250,000, will be deposited by or on

9    behalf of the Defendants with the Escrow Agent within the later of: (i) ten (10) business days after

10   preliminary approval of the settlement; or (ii) Defendants' receipt of wire transfer instructions. In

11   the event that the Settlement Fund is not paid into the escrow account pursuant to these time

12   constraints, the unpaid portion of the Settlement Fund shall begin to bear interest at a rate of 10%

13   from the date of the preliminary approval until such time as the Settlement Fund is fully deposited

14   into the escrow account.

15           **b.    The Escrow Agent**

16       2.2    The Escrow Agent will establish a separate, segregated interest bearing escrow

17   account (which shall be a Qualified Settlement Fund with its own tax identification number), located

18   in California, at a nationally recognized financial institution and, within seven (7) business days of

19   receipt shall invest the Settlement Fund transferred pursuant to ¶2.1 hereof in short-term instruments

20   backed by the full faith and credit of the United States Government or fully insured by the United

21   States Government or an agency thereof with a maturity date of less than 181 days and shall reinvest

22   the proceeds of these instruments as they mature in similar instruments at their then-current market

23   rates. All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent

24   and not by any of the Defendants or the Related Parties.

25       2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the

26   Stipulation, by an order of the Court, or with the written agreement of counsel for PETCO.

27

28

2.4     Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and the funds and the Escrow Agent shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     The Escrow Agent may establish a "Notice and Administration Fund," and may deposit up to $500,000 from the Settlement Fund in it.  The Notice and Administration Fund shall be used by Plaintiff's Lead Counsel only to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, and processing Proof of Claim and Release forms.  The Notice and Administration Fund shall also be invested and earn interest as provided for in ¶2.2 of this Stipulation.  If the costs of notice and administration do not exceed $500,000, the balance shall be refunded to the Settlement Fund by the Escrow Agent.  If the costs of notice and administration do exceed $500,000, any such additional costs and expenses shall be transferred from the Settlement Fund to the Notice and Administration Fund, unless the Court orders otherwise.

**c.     Taxes**

2.7     (a)     The Settling Parties and the Escrow Agent shall treat the Settlement Fund as a "qualified settlement fund" for purposes of §468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.  The Escrow Agent and PETCO shall jointly make such elections as are necessary or advisable to carry out the provision of this ¶2.7, including, without limitation, the "relation-back election" described in Treas. Reg. §1.468B-1(j)(2), which election shall be made on a statement substantially in the form of Exhibit C.

(b)     The Escrow Agent shall be the Settlement Fund's "administrator" as that term is used in Treas. Reg. §1.468B-2(k)(3). As administrator, the Escrow Agent shall timely prepare and file all required tax returns with respect to the Settlement Fund, including, without limitation, the

returns described in Treas. Reg. §§1.468B-2(k)(1) and 1.468B-2(1)(2).  From the Settlement Fund, the Escrow Agent shall provide for, timely pay, and indemnify each of the Defendants and the Related Parties for, all Taxes imposed on the income earned by the Settlement Fund.  Without limiting the foregoing, from the Settlement Fund, the Escrow Agent shall reimburse Defendants within ten (10) days of written demand for any such Taxes to the extent they are imposed on Defendants for a period during which the Settlement Fund does not qualify as a "qualified settlement fund."  All amounts payable pursuant to this ¶2.7 shall be paid from the Settlement Fund without prior order from the Court.

(c)     For the purpose of this ¶2.7, references to the Settlement Fund shall include both the Settlement Fund and the Notice and Administration Fund and shall also include any earnings thereon.

**d.     Termination of Settlement**

2.8     In the event that the Stipulation is not approved by the Court or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses and Taxes actually incurred or due and owing pursuant to ¶¶2.6 and 2.7, shall immediately be refunded pursuant to written instructions from PETCO's counsel.

**e.     Financial Reporting**

2.9     Until final approval of the settlement by the Court, current bank statements of the escrow account shall be provided on a monthly basis to Michael J. Weaver, Latham & Watkins, 600 West Broadway, Suite 1800, San Diego, CA 92101.

**3.     Notice Order and Settlement Hearing**

3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, approval for the mailing of a settlement notice (the "Notice"), and publication of a summary notice, substantially in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the settlement set forth in the

1  Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application

2  as defined in ¶6.1 hereof and the date of the Settlement Hearing as defined below.

3       3.2     After notice is given, the Court shall hold a hearing (the "Settlement Hearing") at

4  which time Plaintiff's Lead Counsel shall request that the Court approve the settlement of the

5  Litigation as set forth herein.  At or after the Settlement Hearing, Plaintiff's Lead Counsel also will

6  request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

7       **4.       Releases and Bar Order**

8       4.1     Upon the Effective Date, as defined in ¶1.7 hereof, the Lead Plaintiff and each of the

9  Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally,

10  and forever released, relinquished and discharged all Released Claims against the Released Persons,

11  whether or not such Class Member executes and delivers the Proof of Claim and Release, and shall

12  have covenanted not to sue the Released Persons with respect to any such Released Claims, and shall

13  be permanently barred, enjoined and restrained from instituting, commencing, prosecuting or

14  asserting any of the Released Claims, in any capacity, against any of the Released Persons.

15      4.2     The Proof of Claim and Release to be executed by Class Members shall release all

16  Released Claims against the Released Persons and shall be substantially in the form contained in

17  Exhibit A-2 attached hereto.

18      4.3     Upon the Effective Date, as defined in ¶1.7 hereof, each of the Released Persons shall

19  be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released,

20  relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiff (in

21  its capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in

22  connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or

23  the Released Claims.

24      **5.       Administration and Calculation of Claims, Final Awards and
             Supervision and Distribution of the Settlement Fund**

25

26      5.1     The Claims Administrator, subject to such supervision and direction of the Court as

27  may be necessary or as circumstances may require, shall administer and calculate the claims

28

1  submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined

2  below) to Authorized Claimants.

3      5.2    The Settlement Fund shall be applied as follows:

4      (a)    to pay counsel to the plaintiffs attorney fees and expenses with interest

5  thereon (the "Fee and Expense Award") and the expenses of Lead Plaintiff, if and to the extent

6  allowed by the Court;

7      (b)    to pay all the costs and expenses reasonably and actually incurred in

8
9  connection with providing notice, locating Class Members, soliciting Class claims, assisting with the

10  filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants,

11  processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

12      (c)    to pay the Taxes and Tax Expenses described in ¶¶1.20, 1.21 and 2.7 hereof;

13  and

14      (d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund")

15  to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

16
17      5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the

18  Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may

19  be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to

20  Authorized Claimants, subject to and in accordance with the following.

21      5.4    Within one hundred-twenty (120) days after the mailing of the Notice or such other

22  time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be

23  required to submit to the Claims Administrator a completed Proof of Claim and Release,

24  substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and

25  supported by such documents as are specified in the Proof of Claim and Release and as are

26  reasonably available to such Person.

27      5.5    Except as otherwise ordered by the Court, any and all Class Members who fail to

28  timely submit a Proof of Claim and Release within such period, or such other period as may be

1    ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments
2    pursuant to the Stipulation and the settlement set forth therein, but will in all other respects be
3    subject to and bound by the provisions of the Stipulation, the releases contained therein, and the
4    Judgment. Notwithstanding the foregoing, Plaintiff's Lead Counsel shall have the discretion to
5    accept late-submitted claims for processing by the Claims Administrator so long as distribution of
6    the Net Settlement Fund is not materially delayed thereby.

7        5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants
8    substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the
9    Court. If there is any balance remaining in the Net Settlement Fund after a reasonable time from the
10   date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks
11   or otherwise), Plaintiff's Lead Counsel shall, if feasible, reallocate such balance among Authorized
12   Claimants in an equitable and economic fashion. Thereafter, any balance which still remains in the
13   Net Settlement Fund shall be donated to an appropriate tax-exempt charitable organization.

14       5.7     The Defendants and their Related Parties shall have no responsibility for, interest in,
15   or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of
16   Allocation, the determination, administration, or calculation of claims, the payment or withholding
17   of Taxes, if any, or any losses incurred in connection therewith.

18       5.8     No Person shall have any claim against Plaintiff's Lead Counsel or the Claims
19   Administrator, or other Person designated by Plaintiff's Lead Counsel, or Defendants and/or the
20   Related Parties or their counsel based on the distributions made substantially in accordance with the
21   Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the
22   Court.

23       5.9     It is understood and agreed by the Settling Parties that any proposed Plan of
24   Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an
25   Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered
26   by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy
27   of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of
28   Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's

1  Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered

2  pursuant to the Stipulation.

3  **6.   Plaintiff's Counsel's Attorney Fees and Expenses.**

4  6.1   Plaintiff's Lead Counsel may submit an application or applications (the "Fee and

5  Expense Application") for distributions to plaintiffs' counsel from the Settlement Fund for: (a) an

6  award of attorney fees; plus (b) the payment of reasonable expenses incurred in connection with

7  prosecuting the Litigation, plus interest on such attorney fees and expenses at the same rate and for

8  the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

9  Plaintiff's Lead Counsel reserve the right to make additional applications for fees and expenses

10  incurred.

11  6.2   Upon an appropriate Court order, the fees and expenses, as awarded by the Court,

12  shall be paid to Plaintiff's Lead Counsel from the Settlement Fund, as ordered, immediately after the

13  Court executes an order awarding such fees and expenses and the Court's final approval of the

14  settlement. Plaintiff's Lead Counsel may thereafter allocate the attorney fees among other plaintiffs'

15  counsel in a manner in which they in good faith believe reflects the contributions of such counsel to

16  the initiation, prosecution and resolution of the Litigation. In the event that the Effective Date does

17  not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified,

18  or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and

19  Expense Award has been paid to any extent, then each plaintiffs' law firm receiving a portion of the

20  awarded fees and expenses shall, jointly and severally, be obligated to immediately refund such

21  amounts of fees and expenses to the Settlement Fund as are consistent with any reversal or

22  modification plus interest at the same rate as earned on the Settlement Fund. Each such plaintiffs'

23  counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses,

24  on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners

25  and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the

26  provisions of this paragraph.

27  6.3   Lead Plaintiff may submit an application for reimbursement of its time and expenses

28  incurred in the prosecution of the Litigation.

1    6.4     The procedure for and the allowance or disallowance by the Court of any applications

2    by Plaintiff's Lead Counsel for attorney fees and expenses, or the expenses of the Lead Plaintiff, to

3    be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are

4    to be considered by the Court separately from the Court's consideration of the fairness,

5    reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or

6    proceeding relating to the Fee and Expense Application, or the Lead Plaintiff's expense application,

7    or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to

8    terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the

9    Stipulation and the settlement of the Litigation set forth therein.

10   6.5     Defendants and their Related Parties shall have no responsibility for any payment of

11   attorney fees and expenses to plaintiffs' counsel over and above payment of the Settlement Fund.

12   6.6     Defendants and their Related Parties shall have no responsibility for the allocation

13   among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee

14   and Expense Award that the Court may make in the Litigation.

15   **7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

16

17   7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of

     the following events:

18

19           (a)     Defendants have not exercised their option, if applicable, to terminate the

20   Stipulation pursuant to ¶7.3 hereof;

21           (b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

22           (c)     the Court has entered the Judgment, or a judgment substantially in the form of

23   Exhibit B attached hereto; and

24           (d)     the Judgment has become Final, as defined in ¶1.9 hereof.

25   7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all

26   remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and

27   forever extinguished.   If not all of the conditions specified in ¶7.1 hereof are met, then the

28

1  Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Plaintiff's Lead Counsel

2  and counsel for the Defendants mutually agree in writing to proceed with the Stipulation.

3     7.3     If the Court determines, pursuant to Fed. R. Civ. P. 23(e)(3), that Class Members

4  shall be afforded a new opportunity to request exclusion, Defendants shall have the right and option

5  to terminate the settlement in the event that one or more Class Members who purchased or otherwise

6  acquired more than a certain number of shares of PETCO common stock during the Class Period

7  choose to exclude themselves from the Class, as set forth in a separate agreement (the "Supplemental

8  Agreement") executed between Lead Plaintiff and Defendants.  Plaintiff's Lead Counsel shall cause

9  to be provided to counsel for the Defendants copies of any requests for exclusion, and any written

10  revocation of requests for exclusion, as expeditiously as possible, and, in any event, within no more

11  than five (5) calendar days after the postmark deadline for submission of requests for exclusion.  In

12  order to exercise its right to terminate the settlement pursuant to this ¶7.3, Defendants must give

13  written notice of termination to Plaintiff's Lead Counsel and file that notice with the Court no later

14  than five (5) calendar days before the Settlement Hearing unless good cause for a later filing is

15  shown at the Settlement Hearing.

16     7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or

17  be canceled, or shall not become effective for any reason, then immediately after the occurrence of

18  such event, the Settlement Fund (including accrued interest), plus any amount then remaining in the

19  Notice and Administration Fund (including accrued interest), less expenses which have been either

20  incurred or disbursed pursuant to ¶¶2.6 and 2.7 hereof, shall be refunded by the Escrow Agent

21  pursuant to written instructions from PETCO's counsel.  At the request of counsel for PETCO, the

22  Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay

23  the proceeds, after deduction of any reasonable fees or expenses incurred in connection with such

24  application(s) for refund, at the written direction of PETCO's counsel.

25     7.5     In the event that the Stipulation is not approved by the Court or the settlement set

26  forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

27  Settling Parties shall be restored to their respective positions in the Litigation as of June 4, 2008. In

28  such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.22, 2.6-2.8,

1  7.4-7.6 and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and

2  shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or

3  order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated,

4  *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court

5  concerning the Plan of Allocation or the amount of any attorney fees, costs, expenses and interest

6  awarded by the Court to the Lead Plaintiff or any of plaintiffs' counsel shall constitute grounds for

7  cancellation or termination of the Stipulation.

8      7.6    If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its

9  terms, neither the Lead Plaintiff nor any of its counsel shall have any obligation to repay any

10  amounts incurred or disbursed pursuant to ¶¶2.6 or 2.7 hereof.

11     7.7    If a case is commenced with respect to a Defendant under Title 11 of the United

12  States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law,

13  and in the event of the entry of a final order of a court of competent jurisdiction determining the

14  transfer of the Settlement Fund, or any portion thereof, by or on behalf of such Defendant to be a

15  preference, voidable transfer, fraudulent transfer or similar transaction, and resulting in the reduction

16  of the amount of the Settlement Fund by reason of a payment made pursuant to such order, then, at

17  Lead Plaintiff's option, the releases given and Judgment entered in favor of such Defendant pursuant

18  to this Stipulation shall be null and void.

19     7.8    Each Defendant warrants and represents that it or he is not "insolvent" within the

20  meaning of 11 U.S.C. §101(32) as of the time this Stipulation is executed and as of the time the

21  payment was transferred or made as reflected in this Stipulation.

22     **8.    Miscellaneous Provisions**

23     8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this

24  agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement

25  all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the

26  foregoing terms and conditions of the Stipulation.

27     8.2    The Settling Parties intend this settlement to be a final and complete resolution of all

28  disputes between them with respect to the Litigation. The settlement compromises claims which are

1   contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or

2   defense. The Final Judgment will contain a finding that, during the course of the Litigation, the

3   parties and their respective counsel at all times complied with the requirements of Federal Rule of

4   Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the

5   other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a

6   settlement that was reached voluntarily after consultation with competent legal counsel. The Settling

7   Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any

8   contention made in any public forum that the Litigation was brought or defended in bad faith or

9   without a reasonable basis.

10       8.3     Neither the Stipulation nor the settlement contained therein, nor any act performed or

11   document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be

12   deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

13   or of any wrongdoing or liability of any of the Released Persons; or (b) is or may be deemed to be or

14   may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons

15   in any civil, criminal or administrative proceeding in any court, administrative agency or other

16   tribunal. Any of the Released Persons may file the Stipulation and/or the Judgment in any action

17   that may be brought against them in order to support a defense or counterclaim based on principles

18   of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any

19   other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20       8.4     All agreements made and orders entered during the course of the Litigation relating to

21   the confidentiality of information shall survive this Stipulation.

22       8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are

23   fully incorporated herein by this reference.

24       8.6     The Stipulation may be amended or modified only by a written instrument signed by

25   or on behalf of all Settling Parties or their respective successors-in-interest.

26       8.7     The Stipulation and the Exhibits attached (together with the Supplemental Agreement

27   referred to in ¶7.3) hereto constitute the entire agreement among the parties hereto and no

28   representations, warranties or inducements have been made to any party concerning the Stipulation

1   or its Exhibits other than the representations, warranties and covenants contained and memorialized

2   in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

3          8.8     Plaintiff's Lead Counsel, on behalf of the Class, are expressly authorized by the Lead

4   Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the

5   Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or

6   amendments to the Stipulation on behalf of the Class which they deem appropriate.

7          8.9     Each counsel or other Person executing the Stipulation or any of its Exhibits on

8   behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9          8.10    The Stipulation may be executed in one or more counterparts.  All executed

10  counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of

11  original executed counterparts shall be filed with the Court.

12         8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and

13  assigns of the Settling Parties and the Related Parties.

14         8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of

15  the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes

16  of implementing and enforcing the settlement embodied in the Stipulation.

17         8.13    This Stipulation and the Exhibits hereto shall be considered to have been negotiated,

18  executed and delivered, and to be wholly performed, in the State of California, and the rights and

19  obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

20  governed by, the internal, substantive laws of the State of California without giving effect to that

21  State's choice-of-law principles.

22         8.14    Except as provided herein or in the related settlement papers, or as directed by the

23  Court, the parties and their respective counsel, agree that they will not take affirmative steps to

24  publicize the existence of, or details of, this settlement.

25

26

27

28

1      IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

2  their duly authorized attorneys, dated as of June 5, 2008.

3                                           COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
4                                          PATRICK J. COUGHLIN
                                           KEITH F. PARK
5                                          DANIEL S. DROSMAN
                                           SCOTT H. SAHAM
6                                          SHAWN M. HAYS
                                           JESSICA T. SHINNEFIELD

7

8

9                                                  DANIEL S. DROSMAN

10                                         655 West Broadway, Suite 1900
                                           San Diego, CA  92101
11                                         Telephone:  619/231-1058
                                           619/231-7423 (fax)

12
                                           COUGHLIN STOIA GELLER
13                                            RUDMAN & ROBBINS LLP
                                           REGINA M. AMES
14                                         9601 Wilshire Blvd., Suite 510
                                           Los Angeles, CA  90210
15                                         Telephone:  310/859-3100
                                           310/278-2148 (fax)

16
                                           Lead Counsel for Plaintiffs
17

18                                         LATHAM & WATKINS LLP
                                           PETER H. BENZIAN
                                           MICHAEL J. WEAVER
19

20

21                                                  PETER H. BENZIAN

22                                         600 West Broadway, Suite 1800
                                           San Diego, CA  92101
23                                         Telephone:  619/236-1234
                                           619/696-7419 (fax)

24
                                           Counsel for Defendants
25  S:\Settlement\Petco.set\V3 STP 00051867.doc

26

27

28

                                          - 19 -                    05-CV-0823-H(RBB)

## INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| Document | Exhibit | Page |
|----------|---------|------|
| Order Preliminarily Approving Settlement and Providing for Notice | A | 2 |
| Notice of Proposed Settlement of Class Action | A-1 | 9 |
| Proof of Claim and Release | A-2 | 27 |
| Summary Notice | A-3 | 39 |
| Final Judgment and Order of Dismissal with Prejudice | B | 43 |
| §1.468b-1 Relation-Back Election | C | 49 |

S:\Settlement\Petco.set\MIS INDEX EXHS 00052320.doc

**EXHIBIT A**

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  | In re PETCO CORPORATION SECURITIES ) | Master File No. 05-CV-0823-H(RBB)
    | LITIGATION                           )

11  | _____     ) | CLASS ACTION
                                           )
12  | This Document Relates To:            ) | ORDER PRELIMINARILY APPROVING
                                           ) | SETTLEMENT AND PROVIDING FOR
13  |     ALL ACTIONS.                      ) | NOTICE
                                           )
14  | _____     ) | EXHIBIT A

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     WHEREAS, a consolidated class action is pending before the Court entitled *In re PETCO*

2 *Corporation Securities Litigation*, Master File No. 05-CV-0823-H(RBB) (the "Litigation");

3     WHEREAS, the Court has received the Stipulation of Settlement dated as of June 5, 2008

4 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the Court

5 has reviewed the Stipulation and its attached Exhibits; and

6     WHEREAS, the parties having made application, pursuant to Federal Rule of Civil

7 Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance

8 with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and

9 conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with

10 prejudice upon the terms and conditions set forth therein; and the Court having read and considered

11 the Stipulation and the Exhibits annexed thereto; and

12     WHEREAS, all defined terms contained herein shall have the same meanings as set forth in

13 the Stipulation;

14     NOW, THEREFORE, IT IS HEREBY ORDERED:

15     1.    The Court does hereby preliminarily approve the Stipulation and the settlement set

16 forth therein, subject to further consideration at the Settlement Hearing described below.

17     2.    A hearing (the "Settlement Hearing") shall be held before this Court on September 2,

18 2008, at 10:30 a.m., at the United States District Court, Southern District of California, Edward J.

19 Schwartz U.S. Courthouse, 940 Front Street, San Diego, CA 92101-8900 to determine whether the

20

21 proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is

22 fair, just, reasonable and adequate to the Members of the Class and should be approved by the Court;

23 whether a Judgment as provided in ¶1.10 of the Stipulation should be entered herein; whether the

24 proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses

25 that should be awarded to plaintiffs' counsel and the Lead Plaintiff. The Court may adjourn the

26 Settlement Hearing without further notice to Members of the Class other than oral announcement at

27

28 the time scheduled for the Settlement Hearing or at any later hearing.

3.     The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim and Release"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Plaintiff's Lead Counsel shall make reasonable efforts to identify all Persons who are Members of the Class, and not later than July 14, 2008 (the "Notice Date"), Plaintiff's Lead Counsel shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)     Not later than July 23, 2008, Plaintiff's Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c)     On or before August 22, 2008, Plaintiff's Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

5.     Nominees who held common stock of PETCO for the beneficial ownership of Class Members who purchased or otherwise acquired PETCO common stock during the Class Period shall send the Notice and the Proof of Claim and Release to all such beneficial owners of PETCO

1   common stock within ten (10) days after receipt thereof, or, if they have not already done so in

2   connection with the notice of pendency sent pursuant to the Court's February 20, 2008 Order, send a

3   list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10)

4   days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and

5   Proof of Claim and Release to such beneficial owners. Plaintiff's Lead Counsel shall, if requested,

6   reimburse banks, brokerage houses or other nominees out of the Settlement Fund, solely for their

7   reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class

8   Members, which expenses would not have been incurred except for the sending of such Notice,

9   subject to further order of this Court with respect to any dispute concerning such compensation.

10  

11      6.      By Order dated February 20, 2008, notice of the pendency of this class action and an

12  opportunity to request exclusion was given to Class Members. Pursuant to Fed. R. Civ. P. 23(e)(3),

13  the Court determines that no new opportunity to request exclusion from the Class shall be given.

14  

15      7.      All Members of the Class shall be bound by all determinations and judgments in the

16  Litigation concerning the settlement, whether favorable or unfavorable to the Class.

17      8.      Class Members who wish to participate in the settlement shall complete and submit

18  Proof of Claim and Release forms in accordance with the instructions contained therein. Unless the

19  Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than

20  November 14, 2008. Any Class Member who does not timely submit a Proof of Claim and Release

21  within the time provided for, shall be barred from sharing in the distribution of the proceeds of the

22  Net Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing,

23  Plaintiff's Lead Counsel may, in their discretion, accept late-submitted claims for processing by the

24  Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed

25  thereby.

26  

27  

28  

- 3 -                                    05-CV-0823-H(RBB)

1    9.    Any Member of the Class may enter an appearance in the Litigation, at his, her or its

2 own expense, individually or through counsel of his, her or its own choice. Any such member who

3 does not enter an appearance will be represented by Plaintiff's Lead Counsel.

4    10.   Any Member of the Class may appear and show cause, if he, she or it has any reason,

5
6 why the proposed settlement of the Litigation should or should not be approved as fair, reasonable

7 and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation

8 should or should not be approved or why attorney fees and expenses should or should not be

9 awarded to counsel for the plaintiffs and Lead Plaintiff; provided, however, that no Class Member or

10 any other Person shall be heard or entitled to contest such matters, unless that Person has delivered

11
12 by hand or sent by first class mail written objections and copies of any papers and briefs such that

13 they are received on or before August 15, 2008 by Coughlin Stoia Geller Rudman & Robbins LLP,

14 Patrick J. Coughlin, Keith F. Park, Daniel S. Drosman, 655 West Broadway, Suite 1900, San Diego,

15 CA 92101; Latham & Watkins LLP, Peter H. Benzian, Michael J. Weaver, 600 West Broadway,

16 Suite 1800, San Diego, CA 92101, and has filed said objections, papers and briefs with the Clerk of

17 the United States District Court for the Southern District of California, Edward J. Schwartz U.S.

18 Courthouse, 880 Front Street, Suite 4290, San Diego, CA 92101-8900 on or before August 15, 2008.

19
20 Any Member of the Class who does not make his, her or its objection in the manner provided shall

21 be deemed to have waived such objection and shall forever be foreclosed from making any objection

22 to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of

23 Allocation, or to the award of attorney fees and expenses to counsel for the plaintiffs or Lead

24 Plaintiff, unless otherwise ordered by the Court.

25    11.   All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*

26 *legis* of the Court, and such funds and the Escrow Agent shall remain subject to the jurisdiction of

27

28

-4-                                              05-CV-0823-H(RBB)

the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12. All initial papers in support of final approval of the settlement, the Plan of Allocation, and any application by counsel for the plaintiffs for attorney fees or expenses or by Lead Plaintiff for reimbursement of its expenses shall be filed and served by July 14, 2008.

13. Replies to any objections shall be filed and served by August 22, 2008.

14. Neither Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorney fees or expenses submitted by plaintiffs' counsel or the Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

15. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiff's Lead Counsel, and any application for attorney fees or expenses shall be approved.

16. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶2.6 or 2.7 of the Stipulation.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class other than by oral announcement at the time scheduled for

1  the Settlement Hearing or at any later rehearing, and retains jurisdiction to consider all further

2  applications arising out of or connected with the proposed settlement. The Court may approve the

3  settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

4  without further notice to the Class.

5       IT IS SO ORDERED.

6

7

8  DATED: _____

       _____
       THE HONORABLE MARILYN L. HUFF
9      UNITED STATES DISTRICT JUDGE

10 Submitted by:

11 COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
   PATRICK J. COUGHLIN
12 KEITH F. PARK
   DANIEL S. DROSMAN
13 SCOTT H. SAHAM
   SHAWN M. HAYS
14 JESSICA T. SHINNEFIELD

15

16 _____

17        DANIEL S. DROSMAN

18 655 West Broadway, Suite 1900
   San Diego, CA 92101
   Telephone: 619/231-1058
19 619/231-7423 (fax)

20 COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
21 REGINA M. AMES
   9601 Wilshire Blvd., Suite 510
22 Los Angeles, CA 90210
   Telephone: 310/859-3100
23 310/278-2148 (fax)

24 Lead Counsel for Plaintiffs

25 S:\Settlement\Petco.set\V4 EA 00051868.doc

26

27

28

**EXHIBIT A-1**

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  PATRICK J. COUGHLIN (111070)
  KEITH F. PARK (54275)
3  DANIEL S. DROSMAN (200643)
  SCOTT H. SAHAM (188355)
4  SHAWN M. HAYS (137971)
  JESSICA T. SHINNEFIELD (234432)
5  655 West Broadway, Suite 1900
  San Diego, CA 92101
6  Telephone: 619/231-1058
  619/231-7423 (fax)
7  pcoughlin@csgrr.com
  keithp@csgrr.com
8  ddrosman@csgrr.com
  scotts@csgrr.com
9  shays@csgrr.com
  jshinnefield@csgrr.com
10    – and –
  REGINA M. AMES (228363)
11  9601 Wilshire Blvd., Suite 510
  Los Angeles, CA 90210
12  Telephone: 310/859-3100
  310/278-2148 (fax)
13  rames@csgrr.com

14  Lead Counsel for Plaintiffs

15           UNITED STATES DISTRICT COURT

16        SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17 In re PETCO CORPORATION SECURITIES LITIGATION | ) Master File No. 05-CV-0823-H(RBB) |
| 18 | ) CLASS ACTION |
| 19 This Document Relates To: | ) NOTICE OF PROPOSED SETTLEMENT OF ) CLASS ACTION |
| 20   ALL ACTIONS. | ) |
| 21 | ) EXHIBIT A-1 |

TO:  ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE
COMMON STOCK OF PETCO ANIMAL SUPPLIES, INC. ("PETCO")
BETWEEN NOVEMBER 18, 2004 AND APRIL 15, 2005

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM POSTMARKED ON OR BEFORE NOVEMBER 14, 2008.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California (the "Court"). The purpose of this Notice is to inform you of the proposed settlement of this class action litigation and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the settlement. This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation or the merits of the claims or defenses asserted. This Notice describes the rights you may have in connection with the settlement and what steps you may take in relation to the settlement and this class action litigation.

The proposed settlement creates a fund in the amount of $20,250,000 and will include interest accruing on the fund prior to distribution (the "Settlement Fund"). Your recovery from this fund will depend on a number of variables, including the number of shares of PETCO common stock you purchased or otherwise acquired during the period November 18, 2004 to April 15, 2005, inclusive and the timing of your purchases and any sales. Based on the information currently available to Lead Plaintiff and the analyses performed by its damage consultant, it is estimated that if Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share will be approximately $1.71 before deduction of Court-approved fees and expenses. Historically, actual claims rates are less than 100%, which result in higher distributions per share.

1    Lead Plaintiff and Defendants do not agree on the average amount of damages per share that

2    would be recoverable if the Lead Plaintiff were to prevail on each claim alleged. The issues on

3    which the parties disagree include: (1) the appropriate economic model for determining the amount

4    by which the price of PETCO common stock was allegedly artificially inflated (if at all) during the

5    Class Period; (2) whether, and the amount by which the price of PETCO common stock was

6    allegedly artificially inflated during the Class Period; (3) the effect of various market forces

7    influencing the trading price of PETCO common stock at various times during the Class Period; (4)

8    the extent to which external factors, such as general market and industry conditions, influenced the

9    trading price of PETCO common stock at various times during the Class Period; (5) whether, and the

10   extent to which the various matters that Lead Plaintiff alleges were materially false or misleading

11   influenced the trading price of PETCO common stock at various times during the Class Period; (6)

12   whether, and the extent to which the various allegedly adverse material facts that Lead Plaintiff

13   alleges were omitted influenced the trading price of PETCO common stock at various times during

14   the Class Period; and (7) whether the statements made or facts allegedly omitted were material, false,

15   misleading or otherwise actionable under the securities laws.

16   The Lead Plaintiff believes that the proposed settlement is a good recovery, representing

17   about 41% of the amount of the damages as determined by Lead Plaintiff's damage expert and which

18   Lead Plaintiff believes it could have recovered if the Litigation had gone to trial and Lead Plaintiff

19   had prevailed on all issues. Lead Plaintiff and its counsel believe the proposed settlement is in the

20   best interests of the Class. Because of the risks associated with continuing to litigate and proceeding

21   to trial, there was a danger that the Class would not have prevailed on any of its claims, in which

22   case the Class would receive nothing. Also, the amount of damages, if any, recoverable by the Class

23   was and is challenged by Defendants. Recoverable damages in this case are limited to losses caused

24   by conduct actionable under applicable law and, had the Litigation gone to trial, Defendants would

25   have asserted that no such losses existed in this case, and that losses of Class Members were caused

26   by non-actionable market, industry or general economic factors. Defendants would also assert that

27   throughout the Class Period the uncertainties and risks associated with the purchase or other

28   acquisition of PETCO common stock were fully and adequately disclosed. The proposed settlement

1 provides a benefit for Class Members now, and will avoid the years of delay that would likely occur

2 in the event of a contested trial and appeals.

3 Plaintiffs' counsel have not received any payment for their services in conducting this

4 Litigation on behalf of the Lead Plaintiff and the Members of the Class, nor have they been fully

5 paid for their expenses incurred. If the settlement is approved by the Court, counsel for the plaintiffs

6 will apply to the Court for attorney fees of 25% of the Settlement Fund plus expenses not to exceed

7 $2.2 million to be paid from the Settlement Fund. The fee sought is more than $2.8 million less than

8 the value of the time committed to the prosecution of the case by plaintiffs' counsel and

9 paraprofessionals if billed at their normal, non-contingent, hourly rates. If the amount requested is

10 approved by the Court, the average cost per share will be $0.60. In addition the Lead Plaintiff may

11 seek up to $10,000 in reimbursement of its time and expenses incurred in representing the Class.

12 For further information regarding this settlement you may contact a representative of Lead

13 Plaintiff's counsel: Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West

14 Broadway, Suite 1900, San Diego, CA 92101, Telephone: 800/449-4900.

15 **I.     NOTICE OF HEARING ON PROPOSED SETTLEMENT**

16 A hearing (the "Settlement Hearing") will be held on September 2, 2008, at 10:30 a.m.,

17 before the Honorable Marilyn L. Huff, United States District Judge, United States District Court for

18 the Southern District of California, Edward J. Schwartz U.S. Courthouse, 940 Front Street, San

19 Diego, CA 92101. The purpose of the Settlement Hearing will be to determine: (1) whether the

20 settlement consisting of $20,250,000 should be approved as fair, just, reasonable and adequate to the

21 Members of the Class (as defined below); (2) whether the proposed plan to distribute settlement

22 proceeds to Class Members (the "Plan of Allocation") is fair, just, reasonable, and adequate;

23 (3) whether the application by plaintiffs' counsel for an award of attorney fees and expenses should

24 be approved and the expenses of the Lead Plaintiff reimbursed; and (4) whether the Litigation should

25 be dismissed with prejudice. The Court may adjourn or continue the Settlement Hearing without

26 further notice to the Class, other than by oral announcement at the time scheduled for the Settlement

27 Hearing or at any later hearing.

28

## II.    DEFINITIONS USED IN THIS NOTICE

1.    "Authorized Claimant" means any Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

2.    "Claims Administrator" means the firm of Gilardi & Co. LLC.

3.    "Class" means all Persons who purchased or otherwise acquired the common stock of PETCO Animal Supplies, Inc. during the period from November 18, 2004 through April 15, 2005, inclusive (the "Class Period"), excluding any Person who is or was named as a defendant in the Litigation, members of the immediate family of the defendants, any entity in which any defendant has a controlling interest and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party.

4.    "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in paragraph 3 above.

5.    "Class Period" means the period commencing on November 18, 2004 through and including April 15, 2005.

6.    "Defendants" means PETCO Animal Supplies, Inc. ("PETCO"), Razia Richter and Julian Day.

7.    "Lead Plaintiff" means the Plumbers and Pipefitters Local 51 Pension Fund.

8.    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

9.    "Plaintiff's Lead Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP, Patrick J. Coughlin, Keith F. Park, Daniel S. Drosman, 655 West Broadway, Suite 1900, San Diego, CA 92101.

10.    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorney fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of

1  Allocation is not part of the Stipulation and neither Defendants nor their Related Parties shall have

2  any responsibility or liability with respect thereto.

3      11.    "Related Parties" means each of the past and/or present directors, officers, employees,

4  partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, advisers, consultants,

5  accountants or auditors, personal or legal representatives, predecessors, successors, parents,

6  subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related and/or affiliated entities of

7  PETCO, any Person who is or was named as a defendant in the Litigation, any entity in which any

8  Person who is or was named as a defendant in the Litigation has a controlling interest, any members

9  of any individual defendant's immediate family, and/or any trust of which any individual defendant

10  is the settlor or which is for the benefit of any individual defendant's family.  Without limiting the

11  definition of Related Parties, the definition of Related Parties shall include Leonard Green &

12  Partners, L.P., TPG Capital, L.P., their partners, employees and affiliated entities.

13      12.    "Released Claims" means any and all claims (including "Unknown Claims" as

14  defined below) arising out of, in connection with, or in any way related to, directly or indirectly, both

15  the purchase or other acquisition of PETCO common stock during the Class Period and the acts,

16  facts, statements or omissions that were or could have been alleged in the Litigation.  Released

17  Claims shall not include any of the claims asserted in *In re Petco Animal Supplies, Inc.*, Case No.

18  GIC 869399 (San Diego Superior Court).

19      13.    "Released Persons" means each and all of the Defendants and their Related Parties.

20      14.    "Settling Parties" means, collectively, the Defendants and the Lead Plaintiff on behalf

21  of themselves and the Members of the Class.

22      15.    "Taxes" means federal, state, local and other taxes, together with any interest,

23  penalties or additions to tax imposed with respect thereto.

24      16.    "Tax Expenses" means expenses incurred in connection with the implementation of

25  the tax payment and tax reporting provisions of the settlement, including reasonable expenses of tax

26  attorneys and accountants retained by the Escrow Agent.

27      17.    "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Class

28  Member does not know or suspect to exist in his, her or its favor at the time of the release of the

1   Released Persons which, if known by him, her or it, might have affected his, her or its settlement

2   with and release of the Released Persons, or might have affected his, her or its decision not to object

3   to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and

4   agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Class Members

5   shall be deemed to have, and by operation of the Judgment shall have, expressly waived the

6   provisions, rights and benefits of California Civil Code §1542, which provides:

7   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR**

8   **HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**

9   **OR HER SETTLEMENT WITH THE DEBTOR.**

10   The Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have,

11   and by operation of the Judgment shall have, expressly waived any and all provisions, rights and

12   benefits conferred by any law of any state or territory of the United States, or principle of common

13   law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiff

14   and Class Members may hereafter discover facts in addition to or different from those which he, she

15   or it now knows or believes to be true with respect to the subject matter of the Released Claims, but

16   the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed

17   to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released

18   any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-

19   contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon

20   any theory of law or equity now existing or coming into existence in the future, including, but not

21   limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty,

22   law or rule, without regard to the subsequent discovery or existence of such different or additional

23   facts.  The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the

24   Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key

25   element of the settlement of which this release is a part.

26

27

28

## III.    THE LITIGATION

On or after April 18, 2005, actions were filed in the United States District Court for the Southern District of California as securities class actions on behalf of purchasers of PETCO Animal Supplies, Inc. common stock during a defined period of time.

These actions were consolidated by an Order filed on August 17, 2005. The consolidated actions are referred to herein collectively as the "Litigation." On August 17, 2005, the Court appointed Plumbers and Pipefitters Local 51 Pension Fund as lead plaintiff.

The operative complaint in this Litigation is the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed October 17, 2005. The Complaint alleges violations of §§10(b), 20A and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a class of purchasers of PETCO common stock between August 18, 2004 to August 25, 2005, inclusive.

Defendants moved to dismiss the Complaint. The Court held a hearing on the motions on May 22, 2006. On August 1, 2006, the Court issued an Order Granting in Part and Denying in Part Motions to Dismiss Consolidated Complaint.

On April 19, 2007, the Court issued an Order certifying a class of purchasers of PETCO common stock between November 18, 2004 and April 15, 2005, inclusive, and appointing the Plumbers and Pipefitters Local 51 Pension Fund as the class representative.

During discovery in the Litigation, Plaintiff's Lead Counsel reviewed and analyzed roughly 7 million pages of documents and took or defended more than 40 depositions.

On February 25, 2008, Defendants filed a motion for summary judgment. On April 21, 2008, the Court held a hearing on Defendants' motion for summary judgment. On April 29, 2008, the Court issued an Order Granting in Part and Denying in Part PETCO Animal Supplies, Inc.'s and Individual Defendants' Motion for Summary Judgment.

At the time that settlement was reached, the Court had set a trial date of July 8, 2008.

## IV.    CLAIMS OF THE LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

The Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims. However, counsel for the Lead Plaintiff recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Defendants through trial and through appeals. Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, and the difficulties and delays inherent in such litigation. Lead Plaintiff also is mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, counsel for the Lead Plaintiff have determined that the settlement set forth in the Stipulation is in the best interests of the Lead Plaintiff and the Class.

## V.    DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has denied and continues to deny each and all of the claims and contentions alleged in the Litigation against it or him. Each Defendant has expressly denied and continues to deny all charges of wrongdoing or liability against it or him arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiff or the Class have suffered damage, that the price of PETCO common stock was artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiff or the Class were harmed by the conduct alleged in the Complaint.

Nonetheless, the Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation. The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. The Defendants have, therefore, determined that it is desirable and beneficial to

them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI.     TERMS OF THE PROPOSED SETTLEMENT

The Defendants have paid or caused to be paid into an escrow account, pursuant to the terms of the Stipulation of Settlement dated as of June 5, 2008 (the "Stipulation"), the amount of $20,250,000 which has been earning and will continue to earn interest for the benefit of the Class.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing this Notice, the cost of publishing a newspaper notice, payment of any Taxes assessed against the Settlement Fund and costs associated with the processing of claims submitted.  In addition, as explained below, a portion of the Settlement Fund may be awarded by the Court to counsel for plaintiffs as attorney fees and for the attorneys' and the Lead Plaintiff's expenses.  The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to Class Members who submit valid and timely Proof of Claim and Release forms.

## VII.    THE RIGHTS OF CLASS MEMBERS

If you are a Class Member, you may receive the benefit of, and you will be bound by the terms of, the proposed settlement described in this Notice, upon approval of it by the Court.

If you are a Class Member, you have the following options:

1.     You may file a Proof of Claim and Release form as described below.  If you choose this option, you will remain a Class Member; you will share in the proceeds of the proposed settlement if your claim is timely and valid and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court.

2.     You may do nothing at all.  If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Persons.

3.     You may object to the settlement, the Plan of Allocation and/or the application for attorney fees and expenses in the manner described in Section XIII below.

4.     If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense.  If you do not do so, you will be represented by Plaintiff's Lead Counsel: Coughlin Stoia Geller Rudman & Robbins LLP, Patrick J. Coughlin, Keith F. Park, Daniel S. Drosman, 655 West Broadway, Suite 1900, San Diego, CA 92101.

## VIII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation described below.  The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in PETCO common stock during the Class Period.

For purposes of determining the amount an Authorized Claimant may recover under the Plan of Allocation, Plaintiff's Lead Counsel have consulted with their damage expert and consultant and the Plan of Allocation reflects an assessment of the damages that they believe could have been recovered by Class Members had Lead Plaintiff prevailed at trial.

This Plan of Allocation reflects the declines in the stock price of PETCO after the Class Period from April 15, 2005 to June 24, 2005, that were reasonably attributable to the misstatements alleged in the Complaint.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

1   1.  For shares purchased or otherwise acquired on or between November 18, 2004, and

2 April 15, 2005, the following claims for damages shall be allowed:

3     (a)  For shares sold on or before April 14, 2005, no damages shall be allowed;

4     (b)  For shares sold on or between April 15 and June 23, 2005, the allowed

5 damages shall be 11.8% of the purchase price less the inflation at the time of sale as determined by

6 the selling price per share times the inflation rate for the applicable date of sale as set forth in Table

7 1; and

8     (c)  For shares sold after June 23, 2005, allowed damages shall be 11.8% of the

9 purchase price per share.

10     Table 1: Claimed Inflation for Specific Dates of Purchase and Sale

| Begin Date | End Date | Percent Inflation |
|------------|----------|-------------------|
| 11/19/04 | 04/14/05 | 11.84% |
| 04/15/05 | 04/17/05 | -0.34% |
| 04/18/05 | 04/28/05 | -1.77% |
| 04/29/05 | 05/25/05 | 3.87% |
| 05/26/05 | 06/23/05 | 2.67% |
| 06/24/05 |  | 0.00% |

16   The date of purchase or sale is the "contract" or "trade" date as distinguished from the

17 "settlement" date.

18   For Class Members who held PETCO common stock at the beginning of the Class Period or

19 made multiple purchases or other acquisitions or sales during the Class Period, the first-in, first-out

20 ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a

21 claim.   Under the FIFO method, sales of shares during the Class Period will be matched, in

22 chronological order, first against shares held at the beginning of the Class Period.  The remaining

23 sales of shares during the Class Period will then be matched, in chronological order, against shares

24 purchased during the Class Period.

25   A Class Member will be eligible to receive a distribution from the Net Settlement Fund only

26 if a Class Member had a net loss, after all profits from transactions in PETCO common stock during

27 the Class Period are subtracted from all losses.   However, the proceeds from sales of securities

28 which have been matched against securities held at the beginning of the Class Period will not be

1  used in the calculation of such net loss.  No distributions will be made to Authorized Claimants who
2  would otherwise receive a distribution of less than $10.00.

3      The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class
4  Member on equitable grounds.

5      Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all
6  Authorized Claimants.  No Person shall have any claim against Lead Plaintiff, Plaintiff's Lead
7  Counsel or any claims administrator or other Person designated by Plaintiff's Lead Counsel or
8  Defendants and/or the Related Parties and/or their counsel based on distributions made substantially
9  in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or
10  further orders of the Court.  All Class Members who fail to complete and file a valid and timely
11  Proof of Claim and Release form shall be barred from participating in distributions from the Net
12  Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the
13  terms of the Stipulation, including the terms of any judgment entered and the releases given.

14  **IX.    PARTICIPATION IN THE SETTLEMENT**

15      **TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND,**
16  **YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND**
17  **RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release
18  form must be postmarked on or before November 14, 2008, and delivered to the Claims
19  Administrator at the address set forth in Section XIV below.  Unless the Court orders otherwise, if
20  you do not timely submit a valid Proof of Claim and Release form, you will be barred from receiving
21  any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions
22  of the Stipulation and the Judgment.

23  **X.    DISMISSAL AND RELEASES**

24      If the proposed settlement is approved, the Court will enter a Final Judgment and Order of
25  Dismissal with Prejudice ("Judgment").  The Judgment will dismiss the Released Claims with
26  prejudice as to all Defendants.  The Judgment will provide that all Class Members shall be deemed
27  to have released and forever discharged all Released Claims (to the extent Members of the Class
28

1   have such claims) against all Released Persons and to have covenanted not to sue the Released

2   Persons with respect to Released Claims, and will be barred and enjoined from pursuing Released

3   Claims against Released Persons.  In addition, the Released Persons shall be deemed to have

4   released and discharged all Class Members and counsel to the Lead Plaintiff (in its capacity as such)

5   from all claims arising out of the prosecution and settlement of the Litigation or the Released

6   Claims.

7   **XI.     APPLICATION FOR FEES AND EXPENSES**

8        At the Settlement Hearing, counsel for plaintiffs will request the Court to award attorney fees

9   of 25% of the Settlement Fund, plus expenses, not to exceed $2.2 million, which were incurred in

10  connection with the Litigation, plus interest thereon.  In addition, Lead Plaintiff may seek up to

11  $10,000 in expenses (including lost wages) it incurred in representing the Class.  Such sums as may

12  be approved by the Court will be paid from the Settlement Fund.  Class Members are not personally

13  liable for any such fees or expenses.

14       To date, plaintiffs' counsel have not received any payment for their services in conducting

15  this Litigation on behalf of the Lead Plaintiff and Members of the Class, nor have counsel been paid

16  all of their expenses.  The fee requested by plaintiffs' counsel will compensate counsel for their

17  efforts in achieving the Settlement Fund for the benefit of the Class, and for their risk in undertaking

18  this representation on a wholly contingent basis.  Plaintiffs' counsel represent that the percentage

19  requested is well within the range of percentages awarded to plaintiffs' counsel under similar

20  circumstances in other litigation of this type and results in a fee that is more than $2.8 million less

21  than the value of the time committed to the prosecution of the case by plaintiffs' counsel and

22  paraprofessionals if billed at their normal, non-contingent, hourly rates.

23  **XII.    CONDITIONS FOR SETTLEMENT**

24       The settlement is conditioned upon the occurrence of certain events described in the

25  Stipulation.  Those events include, among other things: (1) entry of the Judgment by the Court, as

26  provided for in the Stipulation; and (2) expiration of the time to appeal from the Judgment or to

27  move to or alter or amend the Judgment, or the determination of any such appeal or motion in a

28

1  manner to permit the consummation of the settlement substantially as provided for in the Stipulation.

2  If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation

3  might be terminated and, if terminated, will become null and void, and the parties to the Stipulation

4  will be restored to their respective positions as of June 4, 2008.  In that event, the settlement will not

5  proceed and no payments will be made to Class Members.

6  **XIII.   THE RIGHT TO BE HEARD AT THE HEARING**

7       Any Class Member who objects to any aspect of the settlement, the Plan of Allocation, or the

8  application for attorney fees and expenses, may appear and be heard at the Settlement Hearing.  Any

9  such Person must submit a written notice of objection, such that it is received on or before August

10  15, 2008, by each of the following:

11            *Court:*

12            CLERK OF THE COURT
            UNITED STATES DISTRICT COURT
13            SOUTHERN DISTRICT OF CALIFORNIA
            EDWARD J. SCHWARTZ U.S. COURTHOUSE
14            880 Front Street, Suite 4290
            San Diego, CA  92101-8900
15
            *Counsel for Lead Plaintiff:*
16
            COUGHLIN STOIA GELLER
17              RUDMAN & ROBBINS LLP
            PATRICK J. COUGHLIN
18            KEITH F. PARK
            DANIEL S. DROSMAN
19            655 West Broadway, Suite 1900
            San Diego, CA  92101
20
            *Counsel for Defendants:*
21
            LATHAM & WATKINS LLP
22            PETER H. BENZIAN
            MICHAEL J. WEAVER
23            600 West Broadway, Suite 1800
            San Diego, CA  92101
24

25  The notice of objection must demonstrate the objecting Person's membership in the Class, including

26  the number of shares of PETCO common stock purchased or otherwise acquired and sold during the

27  Class Period and contain a statement of the reasons for objection.  Only Members of the Class who

28

- 14 -                        05-CV-0823-H(RBB)

1  have submitted written notices of objection in this manner will be entitled to be heard at the

2  Settlement Hearing, unless the Court orders otherwise.

3  **XIV.   SPECIAL NOTICE TO NOMINEES**

4  　　If you hold any PETCO common stock purchased during the Class Period as nominee for a

5  beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a

6  copy of this Notice and the Proof of Claim and Release form by first class mail to all such Persons;

7  or (2) if you have not already done so in connection with the Notice of Pendency sent commencing

8  in February, 2008, provide a list of the names and addresses of such Persons to the Claims

9  Administrator:

10  　　　　　　　　*PETCO Securities Litigation*
　　　　　　　　Claims Administrator
11  　　　　　　　　c/o Gilardi & Co. LLC
　　　　　　　　P.O. Box 8040
12  　　　　　　　　San Rafael, CA 94912-8040

13  　　If you choose to mail the Notice and Proof of Claim and Release form yourself, you may

14  obtain from the Claims Administrator (without cost to you) as many additional copies of these

15  documents as you will need to complete the mailing.

16  　　Regardless of whether you choose to complete the mailing yourself or elect to have the

17  mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable

18  administrative costs actually incurred or expected to be incurred in connection with forwarding the

19  Notice and Proof of Claim and Release form and which would not have been incurred but for the

20  obligation to forward the Notice and Proof of Claim and Release form, upon submission of

21  appropriate documentation to the Claims Administrator.

22  **XV.   EXAMINATION OF PAPERS**

23  　　This Notice is a summary and does not describe all of the details of the Stipulation. For full

24  details of the matters discussed in this Notice, you may review the Stipulation filed with the Court,

25  which may be inspected during business hours, at the office of the Clerk of the Court, United States

26  District Court for the Southern District of California, Edward J. Schwartz U.S. Courthouse, 880

27  Front Street, Suite 4290, San Diego, CA 92101-8900, or at www.gilardi.com.

28

1    If you have any questions about the settlement of the Litigation, you may contact Plaintiff's

2  Lead Counsel by writing:

3         COUGHLIN STOIA GELLER
           RUDMAN & ROBBINS LLP
4         PATRICK J. COUGHLIN
           KEITH F. PARK
5         DANIEL S. DROSMAN
           655 West Broadway, Suite 1900
6         San Diego, CA 92101

7    **DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

8  DATED: _____, 2008          BY ORDER OF THE COURT
                                            UNITED STATES DISTRICT COURT
9                                            SOUTHERN DISTRICT OF CALIFORNIA

10  S:\Settlement\Petco.set\V4 A1 00051897.doc

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-2**

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  PATRICK J. COUGHLIN (111070)
   KEITH F. PARK (54275)
3  DANIEL S. DROSMAN (200643)
   SCOTT H. SAHAM (188355)
4  SHAWN M. HAYS (137971)
   JESSICA T. SHINNEFIELD (234432)
5  655 West Broadway, Suite 1900
   San Diego, CA  92101
6  Telephone:  619/231-1058
   619/231-7423 (fax)
7  pcoughlin@csgrr.com
   keithp@csgrr.com
8  ddrosman@csgrr.com
   scotts@csgrr.com
9  shays@csgrr.com
   jshinnefield@csgrr.com
10       – and –
   REGINA M. AMES (228363)
11 9601 Wilshire Blvd., Suite 510
   Los Angeles, CA  90210
12 Telephone:  310/859-3100
   310/278-2148 (fax)
13 rames@csgrr.com

14 Lead Counsel for Plaintiffs

15              UNITED STATES DISTRICT COURT

16           SOUTHERN DISTRICT OF CALIFORNIA

17 In re PETCO CORPORATION SECURITIES  )  Master File No. 05-CV-0823-H(RBB)
   LITIGATION                          )
18 _____ )  CLASS ACTION
                                       )
19 This Document Relates To:           )  PROOF OF CLAIM AND RELEASE
                                       )
20    ALL ACTIONS.                     )  EXHIBIT A-2
   _____ )

21

22

23

24

25

26

27

28

1  **I.     GENERAL INSTRUCTIONS**

2       1.     To recover as a Member of the Class based on your claims in the action entitled *In re*

3  *PETCO Corporation Securities Litigation*, Master File No. 05-CV-0823-H(RBB) (the "Litigation"),

4  you must complete and, on page ___ hereof, sign this Proof of Claim and Release form.  If you fail

5  to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form,

6  your claim may be rejected and you may be precluded from any recovery from the Net Settlement

7  Fund created in connection with the proposed settlement of the Litigation.

8       2.     Submission of this Proof of Claim and Release form, however, does not assure that

9  you will share in the proceeds of the proposed settlement.

10      **3.     YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM**

11  **AND RELEASE FORM, POSTMARKED ON OR BEFORE NOVEMBER 14, 2008,**

12  **ADDRESSED AS FOLLOWS:**

13              *Petco Securities Litigation*
                Claims Administrator
14              c/o Gilardi & Co. LLC
                P.O. Box 8040
15              San Rafael, CA  94912-8040

16  If you are NOT a Member of the Class (as defined in the Notice of Proposed Settlement of Class

17  Action) DO NOT submit a Proof of Claim and Release form.

18      4.     If you are a Member of the Class, you will be bound by the terms of any judgment

19  entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND

20  RELEASE FORM.

21  **II.    DEFINITIONS**

22      1.     "Class" means all Persons who purchased or otherwise acquired the common stock of

23  PETCO Animal Supplies, Inc. during the period from November 18, 2004 through April 15, 2005,

24  inclusive (the "Class Period"), excluding any Person who is or was named as a defendant in the

25  Litigation, members of the immediate family of the defendants, any entity in which any defendant

26  has a controlling interest and the legal affiliates, representatives, heirs, controlling persons,

27  successors and predecessors in interest or assigns of any such excluded party.

28

1    2.    "Defendants" means PETCO Animal Supplies, Inc. ("PETCO"), Razia Richter and

2    Julian Day.

3    3.    "Released Persons" means each and all of the Defendants and their Related Parties (as

4    defined below).

## III.   CLAIMANT IDENTIFICATION

6    1.    If you purchased or otherwise acquired PETCO common stock and held the

7    certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If,

8    however, you purchased the stock but the certificate(s) were registered in the name of a third party,

9    such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the

10   record purchaser.

11   2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of

12   record ("nominee"), if different from the beneficial purchaser of PETCO common stock which forms

13   the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

14   PURCHASER(S) OR ACQUIRER(S), OR THE LEGAL REPRESENTATIVE OF SUCH

15   PURCHASER(S) OR ACQUIRER(S), OF THE PETCO COMMON STOCK UPON WHICH THIS

16   CLAIM IS BASED.

17   3.    All joint purchasers must sign this claim.  Executors, administrators, guardians,

18   conservators and trustees must complete and sign this claim on behalf of Persons represented by

19   them and their authority must accompany this claim and their titles or capacities must be stated.  The

20   Social Security (or taxpayer identification) number and telephone number of the beneficial owner

21   may be used in verifying the claim.  Failure to provide the foregoing information could delay

22   verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

24   1.    Use Part II of this form entitled "Schedule of Transactions in PETCO Common

25   Stock" to supply all required details of your transaction(s) in PETCO common stock.  If you need

26   more space or additional schedules, attach separate sheets giving all of the required information in

27   substantially the same form.  Sign and print or type your name on each additional sheet.

28

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases or other acquisitions of PETCO common stock which took place at any time beginning November 18, 2004 through April 15, 2005, inclusive (the "Class Period") and sales of PETCO common stock which took place at any time beginning November 18, 2004 through June 23, 2005, inclusive, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of PETCO common stock. The date of a "short sale" is deemed to be the date of sale of PETCO common stock.

5.      Broker confirmations or other documentation of your transactions in PETCO common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

*In re PETCO Corporation Securities Litigation*
Master File No. 05-CV-0823-H(RBB)

PROOF OF CLAIM AND RELEASE

Must be Postmarked on or Before: November 14, 2008
Please Type or Print

PART I:          CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Street Address

City                                          State or Province

Zip Code or Postal Code                       Country

                                                                Individual
Social Security Number or                                       Corporation/Other
Taxpayer Identification Number

Area Code          Telephone Number (work)

Area Code          Telephone Number (home)

Record Owner's Name (if different from beneficial owner listed above)

PART II:      SCHEDULE OF TRANSACTIONS IN PETCO COMMON STOCK

A.    Number of shares of PETCO common stock held at the beginning of trading on
      November 18, 2004: _____

B.    Purchases or other acquisitions (November 18, 2004 – April 15, 2005, inclusive) of
      shares of PETCO common stock:

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased/Acquired | Total Purchase/Acquisition<br>Price |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

IMPORTANT:      Identify by number listed above all purchases in which you covered a "short
                sale": _____

C.    Sales (November 18, 2004 – June 23, 2005, inclusive) of shares of PETCO common
      stock:

| Trade Date<br>Month Day Year | Number of Shares<br>Sold | Total Sales Price |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

D.    Number of shares of PETCO common stock held at close of trading on June 23,
      2005: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print
your name on each additional page.

YOU MUST READ THE RELEASE BELOW AND SIGN IT AND THE SUBSTITUTE W-9
FORM ON PAGE _____.

## V.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release form under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information such as transactions in other PETCO securities to the Claims Administrator to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases or sales of PETCO common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## VI.   RELEASE

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from, and covenant not to sue with respect to, the Released Claims each and all of the Defendants and each and all of their "Related Parties," defined as each of the past and/or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, advisers, consultants, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related and/or affiliated entities of PETCO, any Person who is or was named as a defendant in the Litigation, any entity in which any Person who is or was named as a defendant in the Litigation has a controlling interest, any members of any individual defendant's immediate family, and/or any trust of which any individual defendant is the settlor or which is for the benefit of any individual defendant's family.  Without limiting the definition of Related Parties, the definition of Related Parties shall include Leonard Green & Partners, L.P., TPG Capital, L.P., their partners, employees and affiliated entities.

2.    "Released Claims" means any and all claims (including "Unknown Claims" as defined below) arising out of, in connection with, or in any way related to, directly or indirectly, both the purchase or other acquisition of PETCO common stock during the Class Period and the acts,

1  facts, statements or omissions that were or could have been alleged in the Litigation.  Released

2  Claims shall not include any of the claims asserted in *In re Petco Animal Supplies, Inc.*, Case No.

3  GIC 869399 (San Diego Superior Court).

4       3.     "Unknown Claims" means any Released Claims which the Lead Plaintiff or any Class

5  Member does not know or suspect to exist in his, her or its favor at the time of the release of the

6  Released Persons which, if known by him, her or it, might have affected his, her or its settlement

7  with and release of the Released Persons, or might have affected his, her or its decision not to object

8  to this settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and

9  agree that, upon the Effective Date, the Lead Plaintiff shall expressly and each of the Class Members

10  shall be deemed to have, and by operation of the Judgment shall have, expressly waived the

11  provisions, rights and benefits of California Civil Code §1542, which provides:

12       **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH**
   **THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR**
13   **HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF**
   **KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**
14   **OR HER SETTLEMENT WITH THE DEBTOR.**

15  The Lead Plaintiff shall expressly waive, and each of the Class Members shall be deemed to have,

16  and by operation of the Judgment shall have, expressly waived any and all provisions, rights and

17  benefits conferred by any law of any state or territory of the United States, or principle of common

18  law, which is similar, comparable or equivalent to California Civil Code §1542.  The Lead Plaintiff

19  and Class Members may hereafter discover facts in addition to or different from those which he, she

20  or it now knows or believes to be true with respect to the subject matter of the Released Claims, but

21  the Lead Plaintiff shall expressly and each Class Member, upon the Effective Date, shall be deemed

22  to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released

23  any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-

24  contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon

25  any theory of law or equity now existing or coming into existence in the future, including, but not

26  limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty,

27  law or rule, without regard to the subsequent discovery or existence of such different or additional

28  facts.  The Lead Plaintiff acknowledges, and the Class Members shall be deemed by operation of the

1   Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key

2   element of the settlement of which this release is a part.

3        4.        This release shall be of no force or effect unless and until the Court approves the

4   Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in

5   the Stipulation).

6        5.        I (We) hereby warrant and represent that I (we) have not assigned or transferred or

7   purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

8   release or any other part or portion thereof.

9        6.        I (We) hereby warrant and represent that I (we) have included information about all

10   of my (our) transactions in PETCO common stock which occurred during the Class Period, sales of

11   PETCO common stock that occurred beginning November 18, 2004 through June 23, 2005,

12   inclusive, as well as the number of shares of PETCO common stock held by me (us) at the opening

13   of trading on November 18, 2004 and at the close of trading on June 23, 2005.

14        7.        I UNDERSTAND AND INTEND THAT THE SIGNATURE BELOW

15   REGARDING CERTAIN INFORMATION FOR THE INTERNAL REVENUE SERVICE

16   CONCERNING BACKUP WITHHOLDING ALSO SERVES AS THE SIGNATURE ON THIS

17   RELEASE.

18

19

20

21

22

23

24

25

26

27

28

**SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐   Individual/Sole Proprietor          ☐   Pension Plan
☐   Corporation      ☐   Partnership    ☐   Trust
☐   IRA              ☐   Other

Enter TIN on appropriate line.

For individuals, this is your social security number ("SSN").

For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

For other entities, it is your EIN.

__ __ __ - __ - __ __ __ __          or          __ __ - __ __ __ __ __ __ __
Social Security Number                              Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.   The number shown on this form is my correct TIN; and

2.   I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because:  (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:      If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

***SEE* ENCLOSED FORM W-9 INSTRUCTIONS**

- 9 -                                              05-CV-0823-H(RBB)

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
(Month / Year)

in _____, _____.
(City)                                (State / Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.   Please sign the above release and declaration.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original stock certificates.

4.   Keep a copy of your claim form for your records.

5.   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send us your new address.

S:\Settlement\Petco.set\V4 A2 00051869.doc

**EXHIBIT A-3**

1 | COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2 | PATRICK J. COUGHLIN (111070)
   | KEITH F. PARK (54275)
3 | DANIEL S. DROSMAN (200643)
   | SCOTT H. SAHAM (188355)
4 | SHAWN M. HAYS (137971)
   | JESSICA T. SHINNEFIELD (234432)
5 | 655 West Broadway, Suite 1900
   | San Diego, CA  92101
6 | Telephone:  619/231-1058
   | 619/231-7423 (fax)
7 | pcoughlin@csgrr.com
   | keithp@csgrr.com
8 | ddrosman@csgrr.com
   | scotts@csgrr.com
9 | shays@csgrr.com
   | jshinnefield@csgrr.com
10 |     – and –
   | REGINA M. AMES (228363)
11 | 9601 Wilshire Blvd., Suite 510
   | Los Angeles, CA  90210
12 | Telephone:  310/859-3100
   | 310/278-2148 (fax)
13 | rames@csgrr.com

14 | Lead Counsel for Plaintiffs

15 |                    UNITED STATES DISTRICT COURT

16 |                 SOUTHERN DISTRICT OF CALIFORNIA

| 17 | In re PETCO CORPORATION SECURITIES ) LITIGATION | Master File No. 05-CV-0823-H(RBB) |
|---|---|---|
| 18 | _____ ) | CLASS ACTION |
| 19 | This Document Relates To: ) | SUMMARY NOTICE |
| 20 |    ALL ACTIONS. ) | EXHIBIT A-3 |
| 21 | _____ ) | |

22

23

24

25

26

27

28

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF PETCO ANIMAL SUPPLIES, INC. ("PETCO") BETWEEN NOVEMBER 18, 2004 AND APRIL 15, 2005

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of California, that a hearing will be held on September 2, 2008, at 10:30 a.m., before the Honorable Marilyn L. Huff, United States District Judge, at the Edward J. Schwartz U.S. Courthouse, United States District Court for the Southern District of California, 940 Front Street, San Diego, CA 92101, for the purpose of determining (1) whether the proposed settlement of the claims in the Litigation for the sum of $20,250,000 in cash should be approved by the Court as fair, just, reasonable and adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of June 5, 2008 ("Stipulation"); (3) whether the Plan of Allocation is fair, just, reasonable and adequate and therefore should be approved; and (4) whether the application of plaintiffs' counsel and Lead Plaintiff for the payment of attorney fees and expenses incurred in connection with this Litigation should be approved.

If you purchased PETCO common stock during the period beginning November 18, 2004 through April 15, 2005, inclusive, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice of Proposed Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *PETCO Securities Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or on the internet at www.gilardi.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form no later than November 14, 2008, establishing that you are entitled to recovery.

Any objection to the settlement, Plan of Allocation or fee and expense application must be mailed or delivered such that it is received by each of the following no later than August 15, 2008:

*Court:*

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
EDWARD J. SCHWARTZ U.S. COURTHOUSE
880 Front Street, Suite 4290
San Diego, CA 92101-8900

1   *Counsel for Lead Plaintiff:*

2   COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
3   PATRICK J. COUGHLIN
    KEITH F. PARK
4   DANIEL S. DROSMAN
    655 West Broadway, Suite 1900
5   San Diego, CA  92101

6   *Counsel for Defendants:*

7   LATHAM & WATKINS LLP
    PETER H. BENZIAN
8   MICHAEL J. WEAVER
    600 West Broadway, Suite 1800
9   San Diego, CA  92101

10  **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

11  **THIS NOTICE.** If you have any questions about the settlement, you may contact counsel for Lead

12  Plaintiff at the address listed above.

13  DATED: _____, 2008           BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
14                                        SOUTHERN DISTRICT OF CALIFORNIA

15  S:\Settlement\Petco.set\V4 A3 00051870.doc

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -                                    05-CV-0823-H(RBB)

**EXHIBIT B**

1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                 SOUTHERN DISTRICT OF CALIFORNIA
10   In re PETCO CORPORATION SECURITIES )   Master File No. 05-CV-0823-H(RBB)
     LITIGATION                        )
11   _____  )   CLASS ACTION
                                       )
12   This Document Relates To:         )   FINAL JUDGMENT AND ORDER OF
                                       )   DISMISSAL WITH PREJUDICE
13       ALL ACTIONS.                  )
                                       )   EXHIBIT B
14   _____  )
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____, 2008, on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of June 5, 2008 ("Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, just, reasonable and adequate to the Class. All objections to the settlement have been considered and are overruled.

4.      The Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Class, as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5.      The Court finds that the Stipulation and settlement are fair, just, reasonable and adequate as to each of the Members of the Class, and that the Stipulation and settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.      Upon the Effective Date hereof, the Lead Plaintiff shall have, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons,

whether or not such Class Member executes and delivers the Proof of Claim and Release, and shall have covenanted not to sue the Released Persons with respect to any such Released Claims.

7.      The Lead Plaintiff and all Class Members are hereby forever barred, enjoined and restrained from prosecuting any of the Released Claims, in any capacity, against any of the Released Persons.

8.      Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Class Members and counsel to the Lead Plaintiff (in its capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

9.      The Notice of Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and the requirements of due process.

10.      Neither a Plan of Allocation submitted by Plaintiff's Lead Counsel nor any order entered regarding any attorney fee and expense application shall in any way disturb or affect this Final Judgment; both of them shall be considered separate from this Final Judgment.

11.      Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

1   or of any wrongdoing or liability of the Defendants or their respective Related Parties, or (b) is or

2   may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any

3   of the Defendants or their respective Related Parties in any civil, criminal or administrative

4   proceeding in any court, administrative agency or other tribunal.  Defendants and/or their respective

5   

6   Related Parties may file the Stipulation and/or the Judgment from this action in any other action that

7   may be brought against them in order to support a defense or counterclaim based on principles of *res*

8   *judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other

9   theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10          12.     Without affecting the finality of this Judgment in any way, this Court hereby retains

11   continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of

12   the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;

13   

14   (c) hearing and determining applications for attorney fees, interest and expenses in the Litigation;

15   and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

16          13.     The Court finds that during the course of the Litigation, the Settling Parties and their

17   respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure

18   11.

19          14.     In the event that the settlement does not become effective in accordance with the

20   terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

21   

22   Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall

23   be rendered null and void to the extent provided by and in accordance with the Stipulation and shall

24   be vacated and, in such event, all orders entered and releases delivered in connection herewith shall

25   be null and void to the extent provided by and in accordance with the Stipulation.

26

27

28

1        15.    Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice, on

2  the merits, and without taxation of costs in favor of or against any party.

3        IT IS SO ORDERED.

4

5  DATED: _____

6                            THE HONORABLE MARILYN L. HUFF
                               UNITED STATES DISTRICT JUDGE

7  Submitted by:

8  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
9  PATRICK J. COUGHLIN
  KEITH F. PARK
10  DANIEL S. DROSMAN
  SCOTT H. SAHAM
11  SHAWN M. HAYS
  JESSICA T. SHINNEFIELD
12

13

14    _____
          DANIEL S. DROSMAN

15  655 West Broadway, Suite 1900
  San Diego, CA  92101
16  Telephone: 619/231-1058
  619/231-7423 (fax)
17

18  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
19  REGINA M. AMES
  9601 Wilshire Blvd., Suite 510
20  Los Angeles, CA  90210
  Telephone: 310/859-3100
21  310/278-2148 (fax)

22  Lead Counsel for Plaintiffs

23  S:\Settlement\Petco.set\V3 EB 00051871.doc

24

25

26

27

28

**EXHIBIT C**

## §1.468B-1 RELATION-BACK ELECTION

1.  ***Transferor***

    | | |
    |---|---|
    | Name: | Petco Animal Supplies, Inc. |
    | Address: | 9125 Rehco Road |
    | | San Diego, CA 92121 |

    EIN:      412214570

2.  ***Qualified Settlement Fund***

    | | |
    |---|---|
    | Name: | Petco III Settlement Fund |
    | Address: | Coughlin Stoia Geller Rudman & Robbins LLP |
    | | in its capacity as Escrow Agent |
    | | 655 West Broadway, Suite 1900 |
    | | San Diego, California 92101 |
    | EIN: | 26-2808089 |

3.  ***Date Fund Treated as Coming into Existence***

    INSERT

4.  ***Schedule of Transferred Assets***

    $20,250,000.00 of Cash

    Petco Animal Supplies, Inc.

    By _____
    Title _____
    Transferor

    Coughlin Stoia Geller Rudman & Robbins LLP,
    in its capacity as Escrow Agent

    By _____
    Title _____
    Administrator